BETTY SANDER HARVEY, a/k/a Betty Sander Davis, Plaintiff-Appellant, *v.* CHARLES DEAN CONNOR, Defendant-Appellee.

First District (3rd Division)    No. 78-1454

Opinion filed June 25, 1980.

Betty Sander Harvey, of River Forest, for appellant, *pro se.*

Leonard M. Ring & Associates, of Chicago (Leonard M. Ring and Richard L. Wattling, of counsel), for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

The plaintiff, Betty Sander Harvey, charges her former attorney, defendant Charles Dean Connor, with legal malpractice. The circuit court judge dismissed the complaint on Connor's motion, which, among other matters, raised a statute of limitations defense. Harvey appeals. We affirm.

Connor was hired to protect Harvey's interests in a family dispute over her father's estate. The complaint, filed *pro se* and running for 40 pages, in 28 counts, is difficult to follow, but there is no need to go into detail here. In brief, the accusation is that Connor helped some of Harvey's relatives and their lawyers loot the estate and defraud the plaintiff.

We do not condone the circuit court judge's refusal to explain the grounds for his order dismissing the complaint, but Harvey could never have cured the flaw in it. Her cause of action is barred by the statute of limitations.

Taking as true all the well-pleaded allegations of the complaint, the fraud occurred in 1970 and 1971, principally 1971. This suit was not filed until June 1977, more than 5 years later.

A few of the counts of the complaint are for breach of a written contract. The applicable limitations period for an action based on a written contract is 10 years. (Ill. Rev. Stat. 1977, ch. 83, par. 17.) The contract relied upon is entitled "Family Settlement Agreement"; it states on its face that it is an agreement between the plaintiff, her sister, and their father's widow. These three are referred to throughout the agreement as "the parties"; and the agreement recites that "each of the parties hereto acknowledge that in the formulation of this agreement they have been

represented by their respective counsels—Emma Sander by Philip S. Makin, Betty Sander Davis [the plaintiff], by Charles Dean Connor, and Marjorie H. Sander by Joseph J. LaRocco." The agreement, which was designed to resolve the dispute about the estate, contemplated that the lawyers for the parties would do various things to bring in more money to be divided among the family members. Each lawyer signed the agreement opposite his client's name. But they were not parties to it, or legally obligated by it. Thus, the complaint does not include valid counts based on a written contract.

All the other counts of the complaint are subject to a limitations period of 5 years. (Ill. Rev. Stat. 1977, ch. 83, par. 16.) The plaintiff attempts to counter the limitations problem by alleging that Connor fraudulently concealed the cause of action from her, giving her 5 years from when she discovered it to file her action. Ill. Rev. Stat. 1977, ch. 83, par. 23.

Our supreme court recently held that if at the time a plaintiff discovers fraudulent concealment a reasonable time remains within the normal limitations period, the fraudulent concealment provision of the Limitations Act does not apply and the plaintiff must file suit within the normal period. *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 322, 402 N.E.2d 560.

Harvey discharged Connor in June 1974, and 4 months later she lodged a complaint against him with the Illinois Attorney Registration and Disciplinary Commission. She charged at that time, in some detail, that he had defrauded her by misrepresentation and coercion, had colluded with her adversaries, and had refused to answer her inquiries about his conduct—allegations duplicated by her complaint in this case. As early as March of 1974, in a letter Harvey wrote to Connor, she described herself as "shocked" at his conduct, and asked, "What kind of charade are you playing?" It is clear, therefore, that the plaintiff at least as early as March 1974 knew in general terms of the disloyalty she now alleges, though details may have come to light later. It is also clear that she knew she could sue for such conduct. Upon discharging Connor, she hired a succession of other attorneys for the avowed purpose of suing Connor, among others. She also complained to the State's Attorney.

■■ We conclude that when Harvey discovered she had a cause of action, there remained within the regular 5-year limitations period enough time for her to file suit, *pro se* if need be. She failed to do so. Because Harvey had ample time to file her action after she discovered Connor's alleged duplicity, she is not aided by the fraudulent concealment section of the Limitations Act; her suit is untimely.

■■ The failure to file suit within the proper time may not have been Harvey's fault personally; she assures us that she herself has worked hard

pursuing her rights. She says she eventually spoke to more than 40 lawyers, looking for one who would handle her case as she wished; she has sorted through evidence many hours a week for years; and she has prosecuted her case with vigor, once she filed it. The delay, according to Harvey, was caused by attorneys who took the case and promised to sue Connor, but then did not. Some of the other lawyers Harvey consulted before the expiration of the statute of limitations told her she had a theoretically good case, but refused to help her. Unfortunately for Harvey, her difficulty in finding a lawyer who would properly represent her is not a proper basis for extending the limitations period. And, she is bound by the actions, or inaction, of those attorneys who did agree to represent her. If they were derelict in their performance, as she claims, this does not excuse her failure to sue in the ample time available. Her remedy, if they failed her, must now be against them, not Connor; and indeed several suits between Harvey and her later attorneys have been filed.

Judgment affirmed.

McGILLICUDDY, P. J., and McNAMARA, J., concur.