BETTY SANDER HARVEY, a/k/a Davis, Plaintiff-Appellant, *v.* JOHN R. MACKAY, Defendant-Appellee.

First District (1st Division)   No. 81—0825

Opinion filed September 27, 1982.

Betty Sander Harvey, of River Forest, for appellant, *pro se.*

French & Rogers, of Chicago (Richard G. French, Dorothy F. French, and Annie-Laurie Coogan, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff Betty Sander Harvey, *pro se*, appeals from an order entered by the circuit court of Cook County granting defendant John R. Mackay's motion to dismiss plaintiff's redraft of her fourth amended complaint. The sole issue for review is whether the trial court erred in so dismissing.

For the reasons hereinafter set forth, we affirm.

Plaintiff, *pro se*, filed an action in the circuit court arising out of the alleged negligence and breach of contract by defendant in the performance of legal services. Defendant, an attorney, was retained by plaintiff to investigate and protect plaintiff's interests arising out of the probate and settlement of her father's estate. Plaintiff believed that certain irregularities during the probate of the estate resulted in the diminution of the estate assets and deprived her of her proper in-

heritance. These issues have also been the subject of prior litigation in both the circuit and appellate courts. *Harvey v. Harris Trust & Savings Bank* (1979), 73 Ill. App. 3d 280, 391 N.E.2d 461 (*Harvey I*); *Harvey v. Connor* (1980), 85 Ill. App. 3d 1061, 407 N.E.2d 879, *appeal denied* (1980), 81 Ill. 2d 602 (*Harvey II*).

In *Harvey I*, plaintiff alleged in a *pro se* complaint that the Harris Trust & Savings Bank (Harris Bank) had breached its testamentary trust of the decedent in renouncing its nomination as executor of the estate of plaintiff's father. That complaint was dismissed by the circuit court for failure to sustain a cause of action and because the action was time barred. (73 Ill. App. 3d 280, 285.) Counsel retained by plaintiff attempted to vacate this order, alleging fraudulent concealment of a cause of action by Harris Bank. On appeal, this court found nothing in the record to suggest fraudulent acts or representations concealing a cause of action. (73 Ill. App. 3d 280, 287.) We also found that the complaint had been filed over five years after the events relied on in that action had transpired. 73 Ill. App. 3d 280, 288.

In *Harvey II*, plaintiff charged the attorney who represented her during the probate proceedings with legal malpractice. The complaint in that case, also filed *pro se*, accused the attorney of aiding others to loot her father's estate and to defraud her. The case was dismissed because of the applicable statute of limitations. (Ill. Rev. Stat. 1977, ch. 83, par. 16.) On appeal, this court found the regular five-year limitations period applied to the case, even when considering the allegations of fraudulent conduct. 85 Ill. App. 3d 1061, 1063.

In this case, plaintiff's redraft of the fourth amended complaint contains seven counts alleging various acts of negligence and breach of contract in representing her interests. The first three counts basically attempt to allege negligence on the part of defendant, while the remaining counts sound in breach of contract.

Count I attempts to allege that defendant negligently failed to file suit against the Harris Bank within the proper statute of limitations. Defendant was retained to recover alleged financial losses sustained by plaintiff during the administration of her father's estate and "to seek redress against those determined to be responsible." A retainer fee was paid to defendant. The allegations contained in this count recite many of the events surrounding the probate proceedings of her father's estate, particularly the refusal of Harris Bank to accept its nomination as executor.

Count II alleges that defendant was negligent in the examination of the title to a parcel of real estate which had been an asset of her father's corporation. Because of this alleged negligence plaintiff

claims she was not aware of a cause of action for false misrepresentations against her stepmother as the administrator of the estate. Count III also alleges negligence in that defendant advised plaintiff that her stepmother was a proper heir of the estate. In making this claim, plaintiff relies on the allegation that the will disinherited her stepmother if she elected to renounce it.

Count IV is similar in its allegations to count I. This count, however, attempts to allege a breach of contract for defendant's failure to bring a lawsuit against Harris Bank. Count V alleges a breach of contract by defendant for not bringing suit against Charles Connor, the attorney who represented plaintiff during the probate proceedings. This count alleges fraudulent acts by Connor in covering up the wrongful acts of Harris Bank. It also alleges that her *pro se* action against Connor was dismissed as time barred by application of the statute of limitations.

Counts VI and VII also attempt to make breach of contract allegations against defendant. These counts contain broad allegations of fraudulent acts by her stepmother and several attorneys who represented the various parties during the probate proceedings. These acts, it is alleged, led to the loss of estate assets and resulted in a fraudulent settlement agreement entered into by plaintiff, her stepmother and sister. Defendant allegedly breached the retainer contract with plaintiff by not petitioning to set aside the settlement agreement and also not filing suit against the parties who allegedly perpetrated the fraudulent activities.

The original complaint in this cause was filed on June 9, 1977. On three occasions in the next 13 months plaintiff amended the complaint on her own motion. Defendant moved to strike and dismiss that complaint as amended for, among other reasons, failure to state a cause of action. That motion was granted, and plaintiff was allowed 56 days to file a new amended complaint. A fourth amended complaint was filed in May 1979 and was again subject to defendant's motion to strike and dismiss. In November 1979 plaintiff was granted leave to present a redraft of the fourth amended complaint "following the guidelines set out by the Court."

Several paragraphs and improper prayers for relief in the redraft were stricken by order of the court in March 1980. Plaintiff, feeling that the court was prejudiced against her, requested a change of venue. This motion was denied in July 1980. A motion to vacate this order was also denied by the trial court.

On March 9, 1981, defendant's motion to strike and dismiss plaintiff's redraft of the fourth amended complaint was granted. Dismissal

was with prejudice for failure to state a cause of action and was without leave to amend.

The Civil Practice Law (Ill. Rev. Stat. 1981, ch. 110, par. 2—101 *et seq.*) establishes the requirements within which a court operates in determining the sufficiency of pleadings. Section 2—603(a) (formerly section 33(1) of the Civil Practice Act) states that "[a]ll pleadings shall contain a plain and concise statement of the pleader's cause of action *** *." Section 2—603(c) (formerly section 33(3)) provides that "[p]leadings shall be liberally construed with a view to doing substantial justice between the parties." And section 2—612(b) (formerly section 42(2)) states "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet." Nothing in this liberal pleading doctrine, however, requires a defendant to go to trial on a complaint that does not allege facts sufficient for a cause of action. *Tondre v. Pontiac School District No. 105* (1975), 33 Ill. App. 3d 838, 342 N.E.2d 290; *Consolidated Construction Co. v. Great Lakes Plumbing & Heating Co.* (1967), 90 Ill. App. 2d 196, 234 N.E.2d 378.

█ It is hornbook law in Illinois that a motion to dismiss does not admit conclusions of law or fact unsupported by allegations of specific facts upon which such conclusions rest (*Denkewalter v. Wolberg* (1980), 82 Ill. App. 3d 569, 402 N.E.2d 885) or "opinions, argumentative matter, irrelevant material, or other parts not properly pleaded." (*Palier v. Dreis & Krump Manufacturing Co.* (1967), 81 Ill. App. 2d 1, 5, 225 N.E.2d 67, *appeal denied* (1967), 36 Ill. 2d 631.) Even though pleadings are to be liberally construed and a motion to dismiss admits all facts well pleaded, in considering a motion to dismiss the pleadings are to be construed strictly against the pleader. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976; *Carroll v. Caldwell* (1957), 12 Ill. 2d 487, 147 N.E.2d 69; *Gagne v. Village of La-Grange* (1976), 36 Ill. App. 3d 864, 345 N.E.2d 108.) The purpose in attacking defects in pleadings is to point out the defects so that the complainant will have an opportunity to cure them before trial. (*Hild v. Avland Development Co.* (1977), 46 Ill. App. 3d 173, 360 N.E.2d 785, *appeal denied* (1977), 66 Ill. 2d 630; *Knox College v. Celotex Corp.*) The granting of a motion to strike and dismiss is within the sound discretion of the trial court. *Knox College v. Celotex Corp.*

Our examination of the seven counts in the redraft of the fourth amended complaint reveals many of the allegations are conclusions made by plaintiff or are facts which have no bearing on her alleged causes of action. Count I alleges a failure to file a lawsuit against

Harris Bank on plaintiff's behalf. Plaintiff alleges in conclusory statements that Harris Bank failed to preserve the assets of her father's estate and wrongfully usurped the income therefrom. Plaintiff did not plead any facts which purport to show any wrongful acts on the part of Harris Bank.

Furthermore, count I alleges defendant failed to file the lawsuit against Harris Bank within the appropriate statute of limitations. Plaintiff retained defendant as her counsel on August 5, 1974. On May 1, 1975, defendant withdrew from his representation of plaintiff. In *Harvey I*, plaintiff's action for breach of testamentary trust against Harris Bank was filed on November 12, 1976. In that case we determined the latest possible date from which to calculate the 5-year limitations period for such an action (Ill. Rev. Stat. 1975, ch. 83, par. 16) was July 2, 1971. (73 Ill. App. 3d 280, 288.) The latest possible filing date was July 2, 1976. It is apparent that plaintiff had over one year to pursue any potential actions against Harris Bank after defendant withdrew as her attorney. We find that count I was properly dismissed.

The trial court found count II to be "obscure, confusing and convoluted." While those reasons alone may not be sufficient to dismiss a complaint (*McCarthy v. Allstate Insurance Co.* (1979), 76 Ill. App. 3d 320, 395 N.E.2d 139), we nevertheless find that the trial court did not abuse its discretion in dismissing this count. Count II alleges that the defendant negligently examined an abstract of title to real property owned by a corporation operated by plaintiff's father and failed to report a tax foreclosure sale to her. Due to this negligence, plaintiff alleges, no action on her behalf was taken to recover damages against her stepmother, who also made false representations in this matter while acting as administrator of the estate. Plaintiff did not allege her interest in this land or in the corporation. Nor did she allege what, if any, her interest would have been had the business been part of the estate. The allegations contained in count II were conclusory in nature and, as a matter of law, insufficient to plead a cause of action.

Count III alleges defendant negligently advised plaintiff that her stepmother was a proper heir of the estate. The underlying premise for the allegations contained in this count is that, by her father's will, her stepmother was not entitled to any distribution from the estate if she renounced the will. First, this is not the law of Illinois. Section 2—8 of the Probate Act (Ill. Rev. Stat. 1981, ch. 110½, par. 2—8) specifically allows a surviving spouse to renounce a will whether or not it provides for the benefit of that spouse. Secondly, even if such was not the law of this State, no provision that her stepmother was not enti-

tled to any distribution from the estate if she renounced the will can be found in the various copies of the will contained in the record. Clearly, no cause of action is stated in this count.

Count IV alleges a breach of contract for defendant's failure to file a lawsuit against Harris Bank. It is similar to count I in the conclusory allegations made. For the same reasons stated for count I, we find the trial court acted properly in ordering its dismissal.

Count V alleges a breach of contract by defendant for failing to file a malpractice action against plaintiff's previous attorney, Connor. The allegations contain plaintiff's conclusions to the effect that Connor fraudulently concealed wrongful acts which took place during the administration of her father's estate. None of these fraudulent acts is alleged. Plaintiff then concludes that because of defendant's breach of contract she could not recover her losses from Connor for his malpractice.

This count is insufficient because it does not plead sufficient facts to allege a breach of contract by defendant. There are no facts alleged which purport to show what acts constitute a breach. She does not allege that defendant withdrew without reasonable notice. Defendant's withdrawal did not come on the eve of a trial or advent of the tolling of an action by statute of limitations. After defendant withdrew as plaintiff's counsel in May 1975, she had at least until August 8, 1976 (five years after the signing of an estate settlement agreement between family members), to pursue an action against Connor for his alleged malpractice in representing her. Plaintiff did not file suit against Connor until June 1977 and was thus barred by the regular 5-year limitations period (Ill. Rev. Stat. 1977, ch. 83, par. 16). (*Harvey II*, 85 Ill. App. 3d 1061, 1063.) Accordingly, count V was properly dismissed.

In counts VI and VII plaintiff makes many allegations pertaining to the settlement agreement and the alleged misrepresentations that occurred in the making of that agreement. In this regard, count VI alleges defendant breached the retainer contract when he did not petition to set aside the settlement agreement. Most of the allegations in this count pertain to acts which allegedly occurred during the probate proceedings. Even these allegations are vague and conclusory in nature and it is not alleged how they relate to the alleged breach of contract by defendant. Count VII is similar to count VI, with the exception of the claim that defendant breached the contract by not filing lawsuits against her stepmother and several attorneys who took part in the probate proceedings.

In both of these counts plaintiff has pleaded only the legal

conclusion that there was a breach of the retainer contract by defendant. Once again plaintiff has not pleaded facts to support her conclusions. The extent of her representation by defendant is not adequately stated and where it is attempted is done so in a conclusory manner. As all the other counts were, so too were counts VI and VII properly dismissed by the trial court.

■ Plaintiff also argues that her case should be reversed because defendant failed to specify the insufficiencies of the complaint in his motion to dismiss. (Ill. Rev. Stat. 1981, ch. 110, pars. 2—615(a) and 2—615(b) (formerly pars. 45(1) and 45(2)).) We note this argument was made concerning several of defendant's earlier motions to dismiss. These were amended. After the last amended motion, plaintiff was granted leave to file a redraft of her fourth amended complaint "following the guidelines set out by the Court." No transcript of the hearing on that motion is in the record. However, we must assume that plaintiff was advised of the insufficiencies at the hearing or otherwise because she did file the redraft. There is no objection in the record to defendant's final motion to dismiss which alleges 27 grounds for dismissal. Transcripts of the hearings pertaining to that motion are in the record. Our review of these transcripts and the entire record on appeal reveals the exercise of sound discretion on the part of the trial court.

■ Plaintiff also contends that because she had requested a jury trial she was deprived of her constitutional right to due process by the trial court's dismissal of her suit. We find no merit in this contention because there can be no infringement of the constitutional right to a jury trial where an insufficient or defective complaint is dismissed. *Delis v. Sepsis* (1972), 9 Ill. App. 3d 217, 292 N.E.2d 138; see also *Deasey v. City of Chicago* (1952), 412 Ill. 151, 105 N.E.2d 727.

For the reasons stated, the order of the circuit court of Cook County dismissing the redraft of plaintiff's fourth amended complaint is affirmed.

Affirmed.

CAMPBELL, P. J., and McGLOON, J., concur.