BETTY SANDER HARVEY, a/k/a Davis, Plaintiff-Appellant, *v.* STEPHEN P. CARPONELLI *et al.*, Defendants-Appellees.

First District (1st Division)   Nos. 82—382, 82—383 cons.

Opinion filed August 22, 1983.

Betty Sander Harvey, of River Forest, for appellant, *pro se*.

Richard M. Daley, State's Attorney, and Robert Marc Chemers, of Pretzel & Stouffer, Chartered, both of Chicago (Jane Clark Casey, Henry A. Hauser, and James McVane, Jr., Assistant State's Attorneys, of counsel), for appellees.

JUSTICE McGLOON delivered the opinion of the court:

*Pro se* plaintiff, Betty Sander Harvey, brought an action against defendants, her former attorney and his law firm, for purported professional negligence. The cause was assigned to trial and plaintiff sought and received a change of venue. It was reassigned to a second trial judge and plaintiff again requested a change of venue which was denied. A jury was ultimately impanelled after two panels of prospective jurors were dismissed during *voir dire*. Opening statements were heard and evidence was adduced. A mistrial was subsequently declared by the circuit court judge. After a hearing, the trial court entered an order holding plaintiff in direct contempt of court. A fine of $2,109.50 was also assessed against plaintiff. Finally, defendants' petition for attorney fees and costs was granted.

On appeal, plaintiff raises numerous issues that are not properly before this court. However, having reviewed the record, we address the following issues which this case presents: (1) whether the trial court erred in holding plaintiff in contempt of court; (2) whether the fine of $2,109.50 assessed against plaintiff is excessive; and (3) whether the trial court erred in awarding defendants $2,108.50 in attorney fees and costs.

We affirm in part, reverse in part and remand.

Defendants were hired to represent plaintiff during the probate proceedings and settlement of her father's estate. Plaintiff subsequently filed the instant action predicated upon the theory of professional negligence.

Plaintiff obtained her first change of venue after the cause was assigned to trial before the Honorable Lester Foreman. Thereafter, it was reassigned to the Honorable Paul Elward. Plaintiff's petition for a second change of venue was denied.

The cause proceeded to trial on August 13, 1981. Plaintiff was specifically warned against mentioning "insurance" to the jurors during *voir dire*. Despite the warning, plaintiff continued to ask im-

proper questions. On two occasions all the jurors in the courtroom had to be excused as a result of plaintiff's questions. Defendants' motions for a mistrial were denied on both occasions. A jury was impanelled and opening statements were heard.

Plaintiff's first witness was called and examined. The trial judge found that the entire line of questioning by plaintiff as *pro se* counsel indicated a lack of awareness of the issues raised by plaintiff in her fourth amended complaint. The entire testimony of this witness was stricken as irrelevant. Next, plaintiff called herself as a witness. After taking the stand, she was allowed to read questions to herself from her notes for 1½ days. She asked herself at least one question to which she answered "I don't know."

On August 24, 1981, plaintiff asked the trial judge, "Are we interested in facts, your Honor," in the presence of the jury. Following an in-chambers hearing, the trial judge granted defendants' third motion for a mistrial.

On January 4, 1982, the trial judge held plaintiff in contempt of court and assessed against plaintiff a fine of $2,109.50. The court also awarded defendants $2,108.50 in attorney fees and costs. The oral ruling of January 4, 1982, was incorporated into the written judgment entered January 7, 1982.

■ Initially, we must comment on the brief filed by plaintiff in this court. Here, as in *Biggs v. Spader* (1951), 411 Ill. 42, 103 N.E.2d 104, the brief filed is ambiguous and arduous and does not present the issues sought to be decided in an orderly manner. Furthermore, this court has recently held that reviewing courts are entitled to have briefs submitted that present an organized and cohesive legal argument in accordance with the Supreme Court Rules. (*In re Marriage of Souleles* (1982), 111 Ill. App. 3d 865, 444 N.E.2d 721.) Strict adherence to this standard is necessary to expedite and facilitate the administration of justice. *Biggs.*

We are mindful that plaintiff has litigated the action below as well as this appeal *pro se* and is not a licensed attorney. She asserts, as she did in *Harvey v. Connor* (1980), 85 Ill. App. 3d 1061, 407 N.E.2d 879, *cert. denied* (1981), 451 U.S. 938, 68 L. Ed. 2d 326, 101 S. Ct. 2019, that she contacted over 40 attorneys and was unable to find one who would handle her case. However, this court has heard four prior appeals in which plaintiff was involved as a *pro se* litigant. (See *Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 440 N.E.2d 1022, wherein the court held that plaintiff failed to state a claim against an attorney for professional negligence; *Harvey v. Connor*, wherein the court affirmed the dismissal of plaintiff's action against a former attorney for

legal malpractice; *Bard v. Harvey* (1979), 74 Ill. App. 3d 16, 392 N.E.2d 371, *cert. denied* (1983), 459 U.S. 1172, 74 L. Ed. 2d 1016, 103 S. Ct. 819; *Harvey v. Harris Trust & Savings Bank* (1979), 73 Ill. App. 3d 280, 391 N.E.2d 461, *cert. denied* (1980), 445 U.S. 929, 63 L. Ed. 2d 762, 100 S. Ct. 1316.) In *Harvey v. Harris Trust & Savings,* we reminded plaintiff that this court will not apply a more lenient procedural standard to *pro se* litigants than is generally allowed attorneys. We regret that we must again admonish plaintiff that a *pro se* litigant must comply with the same rules of procedure required of attorneys.

We find plaintiff's brief to be flagrantly deficient in many respects and violative of the rules established by the supreme court for appellate briefs. 87 Ill. 2d R. 341.

The introductory paragraph lists orders entered by the trial court followed by the vague statement that "[a]ppeal is taken from all such orders." No statement of the issue or issues presented for review as contemplated by subparagraph 2 of Rule 341(e) (87 Ill. 2d R. 341(e)(2)) is included to facilitate this court's administration of justice. Plaintiff's purported "Statement of Facts" contains matters which are neither pertinent nor relevant to any issues properly before this court. Moreover, it is replete with improper argument and rhetorical ardency in direct contravention to Rule 341(e)(6) (87 Ill. 2d R. 341(e)(6)). Further, plaintiff's brief fails to comply with Rule 341(e)(7) (87 Ill. 2d R. 341(e)(7)) in that the section entitled "Argument" contains lengthy excerpts from the record presented in an incohesive manner.

Plaintiff's contention that "no written order was entered by the court finding her in contempt" is misleading inasmuch as a copy of the order is included in her brief.

It is well established that it is not the duty of this court to search the record to determine the real issues involved in an action. (*Biggs.*) A reviewing court is entitled to have the issues clearly defined. *Souleles; In re Estate of Kunz* (1972), 7 Ill. App. 3d 760, 288 N.E.2d 520.

A party's failure to state informatively the errors relied upon for reversal and to present an organized and cohesive argument in compliance with the Supreme Court Rules has been held to justify dismissal of the appeal. (*Biggs; Bank of Ravenswood v. Maiorella* (1982), 104 Ill. App. 3d 1072, 433 N.E.2d 1044.) However, we have chosen to entertain this appeal.

■ First, plaintiff contends that the trial court's denial of her second petition for a change of venue violated her constitutional rights to a tribunal free from prejudice. She further argues that all

orders entered by the trial court thereafter are void. This issue is not properly before this court for the following reason. We have reviewed the five notices of appeal filed by plaintiff and found that they make no mention of the trial court's order of August 14, 1981, denying plaintiff's petition. It is firmly established that this court has jurisdiction only over those matters which are raised in the notice of appeal. (*Illinois Central Gulf R.R. Co. v. Sankey Brothers, Inc.* (1979), 78 Ill. 2d 56, 398 N.E.2d 3; *Lewanski v. Lewanski* (1978), 59 Ill. App. 3d 805, 375 N.E.2d 961.) Therefore, the propriety of the order is not properly before us. (*Sankey.*) A reviewing court will not normally consider an issue not presented to the trial court and presented for the first time on review. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417.) The constitutional issues raised by plaintiff throughout her brief were never raised in the lower court and will not be considered here.

Accordingly, we will not address the constitutional aspects of plaintiff's second contention, that the trial court's action of holding plaintiff in contempt of court violated her due process rights. However, in order to reach a just result, we address the issues as to whether the trial court's order finding plaintiff in contempt of court is proper and whether the fine imposed is excessive.

An initial issue that must be resolved is whether the trial court's proceedings were in the nature of civil or criminal contempt. The assistant State's Attorney characterized plaintiff's conduct during *voir dire* and at trial as a "civil contempt," while the trial judge merely labeled it "direct contempt." The line of demarcation between civil and criminal contempt is often indistinct. This is so because many acts involve elements of both. "Criminal contempt" is contumacious conduct directed against the dignity of the court which tends to obstruct the court's administration of justice. "Civil contempt" consists of failing to do something which the contemnor is ordered by the court to do for the benefit of the opposing litigant. The purpose of the sanction imposed upon the contemnor also distinguishes criminal from civil contempt. The purpose of the former is primarily to punish for actions already taken while the latter intends to coerce future compliance with a court-entered order. *Pabst Brewing Co. v. Brewery Workers Local Union No. 77* (7th Cir. 1977), 555 F.2d 146.

Despite the State's characterization of plaintiff's conduct as civil contempt, we have reached the conclusion that plaintiff's conduct was directed against the dignity of the court and is more properly characterized as direct criminal contempt.

■ The contempt sanction imposed was clearly punitive in na-

ture. During a hearing on January 4, 1982, the trial judge found plaintiff in contempt for conduct which exhibited a "callous and cynical disregard of accepted norms or conduct" resulting in a substantial waste of the court's time. A fine of $2,109.50 was imposed as a penalty. Although the penalty was to be reduced by any amount paid toward the award of fees and costs to defendants, it could not be reduced to less than $1. Here, as in *Aurora Steel Products v. United Steelworkers of America* (1981), 94 Ill. App. 3d 97, 418 N.E.2d 492, the purpose of imposing a fine was to vindicate the authority of the court. Such intent is evidenced by the following statement made by the trial judge during the hearing:

"Now before I assess the penalty against you [plaintiff] for that [contumacious] conduct, which is between the court and yourself—it doesn't involve [defense attorney] or have anything to do with expenses that he and his clients had has ***."

Thus, the fact that defendants may have benefited indirectly from the contempt proceedings is insufficient to alter the character of the contempt. *Aurora.*

■ Furthermore, we find ample evidence in the record below to support the trial judge's finding of plaintiff in contempt. Plaintiff's failure to follow the court's warnings caused the dismissal of two venire panels. The trial judge correctly found that plaintiff deliberately disobeyed the court's previous warnings not to question the jury about insurance. Furthermore, during direct examination in the presence of the jury plaintiff asked, "Are we interested in the facts, your Honor." A mistrial was declared as a result.

It is well settled that the trial court's determination of contempt will not be disturbed unless it is against the manifest weight of the evidence or the record discloses an abuse of discretion. (*Aurora.*) We find no such abuse of discretion in the present case.

However, the fine of $2,109.50 is excessive and must be reduced under *County of McLean v. Kickapoo Creek, Inc.* (1972), 51 Ill. 2d 353, 282 N.E.2d 720. In *County of McLean,* the Illinois Supreme Court held that where the penalty imposed exceeds six months incarceration or a fine in excess of $500, the record must reflect that the contemnor was afforded a jury trial or knowingly and understandingly waived the right in open court.

■ In the instant case, the record does not disclose that plaintiff waived her right to a jury trial. Therefore, under *County of McLean,* the court could not impose a fine in excess of $500. Furthermore, it is manifestly unfair to assess a penalty in an amount which fluctuates according to how much is paid to another party pursuant to a sepa-

rate court order. The only amount not subject to reduction is $1. Therefore, plaintiff's fine must be reduced to $1.

The only remaining issue properly before this court is whether the trial court erred in awarding defendants $1,410.50 in attorney fees and $698 in costs. Defendants argue that the award is proper since the expenses were incurred as a result of plaintiff's wrongful conduct, not as a party plaintiff, but as *"pro se* counsel" whose improper and impertinent behavior magnified the costs of the defendants' defense. We agree.

In Illinois, one who commits a wrongful act is liable for all the ordinary and natural consequences of his act. (*Bimba Manufacturing Co. v. Starz Cylinder Co.* (1969), 119 Ill. App. 2d 251, 256 N.E.2d 357; *Sorenson v. Fio Rito* (1980), 90 Ill. App. 3d 368, 413 N.E.2d 47.) Moreover, when one's wrongful conduct forces another into litigation with third parties, he is liable for all of the costs of that litigation including attorney fees. *Sorenson, Ritter v. Ritter* (1943), 381 Ill. 549, 46 N.E.2d 41.

■■ In the instant case, defendants filed a petition to recover fees and costs from the person whose improper conduct caused defendants to incur fees above those normally incurred. In awarding defendants 41.18% of the amount requested, the court found that plaintiff's conduct, as *pro se* counsel, was "deliberate and premeditated" and caused defendants costs and attorney fees beyond those to be expected in the ordinary course of litigation. We find that the award of attorney fees and costs merely compensated defendants for ordinary losses resulting from plaintiff's conduct. (*Sorenson.*) Therefore, the trial court's award of said fees and costs was proper.

For the foregoing reasons, we affirm in part and reverse in part the orders of the circuit court of Cook County, and remand the cause for the purpose of reducing the fine assessed against plaintiff to $1.

Orders affirmed in part, reversed in part; cause remanded.

BUCKLEY, P.J., and CAMPBELL, J., concur.