BETTY SANDER HARVEY, a/k/a Davis, Plaintiff-Appellant, v. DONALD R. BREWER *et al.*, Defendants-Appellees.

First District (1st Division)   No. 86—2001

Opinion filed December 14, 1987.

Betty Sander Harvey, of Oak Brook, appellant *pro se.*

Floyd A. Wisner, Hugh C. Griffin, and Diane I. Jennings, all of Lord, Bissell & Brook, of Chicago, for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Betty Sander Harvey, *pro se*, appeals from orders entered by the circuit court of Cook County granting (a) defendants', Donald R. Brewer and the law firm of Drobny, Goode, Douglas & Brewer's, motion to dismiss plaintiff's complaint, amended complaint and second amended complaint, (b) granting summary judgment to defendants on one count, and (c) denying plaintiff's motions for a change of venue.

On appeal, plaintiff contends that the trial court committed the following errors: (1) it improperly dismissed all three of her complaints; (2) it improperly granted defendants summary judgment; and (3) it improperly denied her motions for a change of venue. For the reasons that follow, we affirm.

This *pro se* appeal is plaintiff's sixth appeal arising out of her dissatisfaction with the handling of her deceased father's estate after his death in 1970.[1] The present defendants were the fifth set of attorneys plaintiff had retained to represent her in the matters of the probate of her father's estate and the alleged malpractice of her prior attorneys. The present suit is also based on alleged legal malpractice.

On January 16, 1970, plaintiff's father, Ernest J. Sander (Sander), died. His will was admitted to probate in Indiana on June 15, 1970, and in Illinois on August 21, 1970. Sander's will gave the residue of his estate to Chicago National Bank, which subsequent to his death merged with Harris Trust & Savings Bank (Harris). On May 6, 1970, Harris renounced its appointment as executor and declined to act as trustee.

On August 8, 1971, the following parties entered into a settlement agreement; plaintiff, her stepmother, Emma Sander (Emma), and plaintiff's sister, Marjorie Sander. The three women were the sole leg-

---

[1]See *Harvey v. Carponelli* (1983), 117 Ill. App. 3d 448, 453 N.E.2d 820, *appeal denied* (1983), 96 Ill. 2d 560, *cert. denied* (1984), 466 U.S. 951, 80 L. Ed. 2d 539, 104 S. Ct. 2153; *Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 440 N.E.2d 1022, *appeal denied* (1983), 92 Ill. 2d 574; *Harvey v. Connor* (1980), 85 Ill. App. 3d 1061, 407 N.E.2d 879, *appeal denied* (1980), 81 Ill. 2d 602, *cert. denied* (1981), 451 U.S. 938, 68 L. Ed. 2d 326, 101 S. Ct. 2019; *Bard v. Harvey* (1979), 74 Ill. App. 3d 16, 392 N.E.2d 371, *cert. denied* (1983), 459 U.S. 1172, 74 L. Ed. 2d 1016, 103 S. Ct. 819; *Harvey v. Harris Trust & Savings Bank* (1979), 73 Ill. App. 3d 280, 391 N.E.2d 461, *appeal denied* (1979), 79 Ill. 2d 611, *cert. denied* (1980), 445 U.S. 929, 63 L. Ed. 2d 762, 100 S. Ct. 1316.

atees of Sander's estate. The agreement was reached in order to resolve disputes over Emma's administration of the estate. The agreement included a provision that the women would sue Harris for damages sustained by the estate.

On May 28, 1976, the probate court approved an amended final account of Sander's estate. Plaintiff retained attorney Stephen Carponelli sometime in 1976, and apparently he filed a notice of appeal of the May 28 order which was never perfected. He also filed suit against Harris sometime in 1976, and he withdrew as plaintiff's attorney on July 9, 1976.

On October 15, 1976, plaintiff's complaint against Harris was dismissed with prejudice. Thereafter, on October 28, 1976, plaintiff filed a *pro se* motion to vacate the probate court's final order of May 28, and on November 12, 1976, she filed another complaint against Harris. On November 24, 1976, her motion to vacate the May 28 order was denied.

On December 4, 1976, plaintiff spoke to the defendant Brewer with regard to his firm's representing her in certain lawsuits. The parties signed a contract on December 24, 1976, and three days later, on December 27, 1976, defendants filed an appeal from the probate court's order of November 24 denying plaintiff's motion to vacate. Thereafter, defendants examined the probate file and determined that plaintiff had filed an untimely appeal from the probate court's order of May 28 approving the final accounting of Sander's estate; that plaintiff's allegations concerning the adequacy of the final accounting were groundless; and that all substantive matters had been decided on May 28, not November 24.

On June 22, 1977, the trial court dismissed plaintiff's second suit against Harris, which she had filed *pro se* on November 12, 1976, finding it to be time barred by a five-year statute of limitations. Brewer filed a motion to vacate the dismissal and a motion for leave to file an amended complaint. The motions were denied and Brewer appealed. Plaintiff discharged Brewer and his firm sometime thereafter.

Approximately two years later, on July 22, 1979, plaintiff sued Brewer and his firm in a 15-count complaint, which they moved to dismiss. The trial court dismissed certain counts with prejudice, struck other counts with leave to amend and denied the motion with respect to count XIV.

On July 22, 1980, plaintiff filed an amended complaint which defendants moved to dismiss. The trial court dismissed certain counts with prejudice and struck others with leave to amend.

Plaintiff filed a second amended complaint on January 27, 1982, which defendants moved to dismiss. The trial court dismissed all counts, except XIV, with prejudice. The court subsequently denied plaintiff's motion to vacate.

After each dismissal of plaintiff's complaints, she moved for a change of venue. Those motions were denied, as were her motions to vacate following the denials.

After discovery was completed, defendants filed a motion for summary judgment on count XIV. On May 19, 1986, the trial court held a hearing on defendants' motion, after which it granted the motion. The court subsequently denied plaintiff's motion to reconsider. (Plaintiff described it as her motion to vacate.)

Plaintiff first contends that the trial court improperly dismissed all three of her complaints, as she had properly pleaded a cause of action against defendants for legal malpractice. We disagree.

Generally, in her complaints, plaintiff alleges breach of contract, negligence and fraudulent misrepresentation by defendants in that (a) they failed (1) to sue Harris properly and to appeal from the trial court's dismissal of her *pro se* action against the bank, (2) to appeal properly the probate court's order, (3) to sue attorney John R. Mackay properly, (4) to sue attorney Charles Dean Connor properly, (5) to sue Carponelli properly, (6) to sue properly with regard to the family settlement agreement, (7) to conduct certain discovery, (8) to sue Emma, Emma's attorney and various others; and (b) that defendants breached their contract to perform services to protect the estate's assets.

■ Initially, we note that plaintiff's second amended complaint contains only four counts (I, II, III and XIV). In them, plaintiff alleges defendants' failure to sue Harris and Mackay properly and defendants' failure to appeal properly the probate court's order. Plaintiff's second amended complaint does not refer back to her first two complaints; therefore, she has abandoned the claims set forth in them and has waived review of the dismissal of her prior two complaints. See *Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 153-55, 449 N.E.2d 125.

■ In any event, all three of plaintiff's complaints were properly dismissed because she stated conclusions instead of alleging facts from which a trier of fact could conclude she had causes of action against the parties named above. In each of her amended complaints plaintiff continued to plead conclusions, in spite of the following: the trial judge was very patient with plaintiff and explained to her the defects in her complaints in order to enable her to refile a conforming

complaint and allowed her to amend her complaint twice; and defendants' motions to dismiss stated specific defects in plaintiff's complaints.

First, plaintiff's complaints alleged that defendants failed to sue Harris properly. This allegation is without merit. Plaintiff had no cause of action against Harris because that claim was time barred. Any cause of action she may have had against Harris expired on July 2, 1976 (*Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 587, *appeal denied* (1983), 92 Ill. 2d 574; *Harvey v. Harris Trust & Savings Bank* (1979), 73 Ill. App. 3d 280, 288, *appeal denied* (1979), 79 Ill. 2d 611, *cert. denied* (1980), 445 U.S. 929, 63 L. Ed. 2d 762, 100 S. Ct. 1316), which was before defendants were retained in December 1976.

Next, plaintiff's complaints alleged that defendants failed to sue Mackay properly. However, in *Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 440 N.E.2d 1022, *appeal denied* (1983), 92 Ill. 2d 574, we found that Mackay committed no malpractice because, among other things, plaintiff's claims against Harris and Connor were barred a long time after Mackay had ceased representing plaintiff. In addition, plaintiff's final complaint against Mackay, which was not filed until 1979, was not stricken nor was it dismissed until 1981, approximately four years after she fired defendants in 1977. This claim was properly dismissed.

Furthermore, plaintiff's complaints alleged that defendants failed to appeal properly the order of the probate court. The probate court's order of November 24, 1976, denying plaintiff's motion to vacate its order of May 28, 1976, approving the final accounting of Sander's estate, was not appealable as the final probate court's order because plaintiff filed the motion to vacate on November 12, 1976, more than 30 days after the May 28 order. Thus, plaintiff's time for appealing or moving to vacate that order had already expired by November 12. Consequently, defendants were not responsible for the loss of her right to appeal the probate court's final order because they were not retained until December 1976. The trial court properly dismissed this claim.

Additionally, plaintiff's complaints alleged that defendants failed to sue Connor properly. Plaintiff had no cause of action against Connor because in *Harvey v. Connor* (1980), 85 Ill. App. 3d 1061, 407 N.E.2d 879, *appeal denied* (1980), 81 Ill. 2d 602, *cert. denied* (1981), 451 U.S. 938, 68 L. Ed. 2d 326, 101 S. Ct. 2019, we found that her claim against him was time barred in 1976, and plaintiff, in the present case, did not hire defendants until the end of December 1976. This claim was also properly dismissed.

Further, plaintiff's complaints alleged that defendants failed to sue Carponelli properly. However, the trial court in the case at bar dismissed that count because at the time, plaintiff's suit against Carponelli was pending and there was no reason to believe she could not recover against him. Therefore, because she cannot show that she is precluded from recovering against Carponelli, her legal malpractice claim against defendants on this issue was properly dismissed. See *Bartholomew v. Crockett* (1985), 131 Ill. App. 3d 456, 465, 475 N.E.2d 1035.

The rest of plaintiff's complaint likewise was properly dismissed because her allegations were vague and conclusory (see *Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 440 N.E.2d 1022, *appeal denied* (1983), 92 Ill. 2d 574) and she failed to allege how defendants breached their duty to her and how their conduct precluded her from pursuing actions against the parties she named. See *Bartholomew v. Crockett* (1985), 131 Ill. App. 3d 456, 465, 475 N.E.2d 1035.

■ Plaintiff's next contention is that the trial court improperly granted summary judgment on count XIV of her second amended complaint, as a material issue of genuine fact existed concerning whether defendants were negligent in failing to appeal the probate court's final accounting of her father's estate on November 24, 1976. We disagree.

In support of defendants' motion for summary judgment Brewer's affidavit stated that in his professional opinion plaintiff did not have a meritorious claim. Plaintiff refused the trial court's offer to allow her more time to obtain a counteraffidavit of an attorney and steadfastly relied on her complaint, claiming that it alone raised a genuine issue of material fact. It did not, because the allegations of a complaint alone are not sufficient to raise a genuine issue of material fact when defending against a motion for summary judgment which contains uncontradicted facts. See *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 818-19, 416 N.E.2d 328; see also *Zych v. Jones* (1980), 84 Ill. App. 3d 647, 650-51, 406 N.E.2d 70.

■ Plaintiff next contends that the trial court improperly denied her motion for a change of venue as the judge was prejudiced against her and she feared she would not receive a fair trial. We disagree.

The venue statute clearly states that once the court "has ruled on any substantial issue in the case," a petition for a change of venue "shall not be granted." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1001(c).) In the case at bar, the trial court had ruled on the motions to dismiss before plaintiff filed her motions for a change of venue; therefore, her motions were untimely. See *Templeton v. First National Bank* (1977),

47 Ill. App. 3d 443, 447, 362 N.E.2d 33, *appeal denied* (1977), 66 Ill. 2d 637.

■ In addition, once the court has ruled on a substantial matter in a case, it may grant a petition for a change of venue only if the movant demonstrates good reason to fear prejudice by the court. Such a grant is within the sound discretion of the trial court. (*Wier v. Isenberg* (1981), 95 Ill. App. 3d 839, 845-46, 420 N.E.2d 790.) The rationale for the rule is to prevent shopping around for a more favorable judge. (*People ex rel. Village of Northbrook v. Highland Park* (1976), 35 Ill. App. 3d 435, 443-44, 342 N.E.2d 196.) Plaintiff's petition in the instant case was properly denied because her express reason for fearing prejudice by the trial court was its ruling against her on the motions to dismiss.

■ Finally, throughout her briefs plaintiff contends that because she demanded a jury trial as required by section 2—1105 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1105), the court had no right to dismiss her cause of action or to grant defendants summary judgment. She argues that according to the seventh amendment (U.S. Const., amend. VII) and the Illinois Constitution (Ill. Const.1970, art. I, §13), she has a right to have her case heard by a jury.

We decided this contention against her in *Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 440 N.E.2d 1022, *appeal denied* (1983), 92 Ill. 2d 574. We find no merit in its reiteration in this appeal because "there can be no infringement of the constitutional right to a jury trial where an insufficient or defective complaint is dismissed." 109 Ill. App. 3d at 589.

Accordingly, the orders of the circuit court of Cook County dismissing plaintiff's complaints, granting defendants summary judgment, and denying plaintiff's petitions for a change of venue are affirmed.

Affirmed.

QUINLAN, P.J., and BUCKLEY, J., concur.