2019 IL App (1st) 190525-U

No. 1-19-0525

Order filed December 5, 2019

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| RESIDENTIAL SOLUTIONS, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 M3 7852 |
| | ) | |
| JANET CEE FREEMAN, | ) | Honorable |
| | ) | Martin S. Agran, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE GORDON delivered the judgment of the court.
Justices Lampkin and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*:  In the absence of a report of proceedings, we must assume that the court's finding was in conformity with the law and had a sufficient factual basis. As a result, we affirm.

¶ 2    Defendant Janet Cee Freeman appeals, *pro se*, from a January 10, 2019, circuit court eviction order finding in favor of plaintiff Residential Solutions, Inc., as a result of a bench trial. Plaintiff has not filed a responsive brief. We affirm the trial court's judgment where defendant failed to provide a complete record on appeal to support her claims of error.

¶ 3    The record on appeal, which does not include a report of proceedings, shows that on October 25, 2018, plaintiff sent a demand for possession of the premises at an address in Roselle, Illinois. On November 13, 2018, plaintiff filed a complaint in forcible entry and detainer against defendant. In the complaint, plaintiff alleged that it entered into a third-party purchase of the property in question. After the purchase, plaintiff learned that defendant was occupying the premises without evidence of a claim of right. Plaintiff requested that a judgment be entered: awarding landlord immediate possession of the premises; against defendant and for landlord for all past due rent or use and occupancy; for all subsequent rent or use and occupancy accruing from the date of filing of the complaint; and for all late fees, interest and attorney fees.

¶ 4    On December 20, 2018, the trial court set the matter for trial on January 10, 2019. On that date, the court entered an eviction order against defendant. On January 24, 2019, defendant filed a motion to vacate the trial court's order and remove the case to federal court. On February 25, 2019, the federal court remanded defendant's case to state court for lack of federal jurisdiction. On March 7, 2019, the trial court denied defendant's motions.

¶ 5    On March 12, 2019, defendant filed a motion for appeal and a request for preparation of a record on appeal. The motion indicates that she was "Re-Filing Appeal that was Filed in District 3. All Documents were lost." In her request for the record on appeal, defendant did not mark that she was requesting the report of proceedings.

¶ 6    On appeal, defendant makes three arguments. First, she argues that the trial court erred in entering the eviction order against her because she "holds factual possession of the land by certified land patent from the UNITED STATES DEPARTMENT OF THE INTERIOR BUREAU OF LAND MANAGEMENT; which [she] secured within trust." Second, she argues

that the court erred by "hearing a case that was tied to any of the banks penalized in a civil case for mortgage violations, mortgage abuse, fraudulent activity and more." Third, she argues that the court erred by "ignoring the fraud and not correcting the matter regarding to the land being held in trust and by ignoring that [she] is the certified land patent holder."

¶ 7 The purpose of appellate review is to evaluate the record presented in the trial court and review is confined to what appears in said record. *People v. Canulli*, 341 Ill. App. 3d 361, 367-68 (2003). The appellant has the burden of presenting a sufficiently complete record to support her claim of error and any doubts arising from the incompleteness of the record will be resolved against her. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Matters not properly in the record or presented to the trial court will not be considered on review. *Jenkins v. Wu*, 102 Ill. 2d 468, 483 (1984). Where the record is incomplete or does not demonstrate the alleged error, a court of review will not speculate as to what errors may have occurred below. See *Foutch*, 99 Ill. 2d at 391-92. In the absence of a complete record, the reviewing court must indulge in every reasonable presumption favorable to the judgment, including that it conformed to the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 391-92. "[A] *pro se* litigant must comply with the same rules of procedure required of attorneys," and "this court will not apply a more lenient procedural standard to *pro se* litigants than is generally allowed attorneys." *Harvey v. Carponelli*, 117 Ill. App. 3d 448, 451 (1983).

¶ 8 In this case, defendant is appealing from the January 10, 2019, trial court eviction order. Defendant has failed to include in the record on appeal a transcript of the proceedings or a bystander's report from that day or any other day that a hearing on any of her motions was held. In the absence of a complete record, we will not speculate as to what occurred in the trial court.

See *Foutch*, 99 Ill. 2d at 391-92. Thus, we cannot consider her allegations of error on review. See *Jenkins*, 102 Ill. 2d at 483-84.

¶ 9    In addition to defendant's failure to provide this court with a complete record, we note that her *pro se* brief fails to comply with several requirements of Illinois Supreme Court Rule 341 (Ill. S. Ct. R. 341 (eff. May 25, 2018)). This rule "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Without outlining all of the shortcomings of defendant's brief, we point out specifically that her brief fails to comply with subsections (h)(6) and (h)(7) of Rule 341.

¶ 10    Subsection (h)(6) and (h)(7) of Rule 341 require the appellant's brief to contain both a statement of facts necessary for this court to have an understanding of the case and an argument. Throughout these sections, the drafter is required to cite to the pages and volume of the record to which she refers "so that we are able to assess whether the facts which [she] presents are accurate and a fair portrayal of the events in this case." *In re Marriage of Hiluska*, 2011 IL App (1st) 092636, ¶ 58; Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018); Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). Although defendant has filed her brief with a statement of facts, in it she makes no reference to page numbers from the record. Further, defendant's brief appears to omit the argument section entirely. Without a report of proceedings and a complete brief, it is almost impossible to discern what defendant is arguing. Therefore, we must presume the trial court's order of judgment for plaintiff was in conformity with the law and based upon the facts presented. See *Foutch*, 99 Ill. 2d at 391-92. Accordingly, we affirm the trial court's order of judgment for plaintiff.

¶ 11    Affirmed.