2021 IL App (1st) 200497-U

No. 1-20-0497

Order filed November 14, 2022

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MARK SANDRZYK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 M1 040008 |
| | ) | |
| M&M LIMOUSINE SERVICES, | ) | Honorable |
| | ) | Patricia M. Fallon, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Hyman and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court's judgment is affirmed where the appellant's opening brief fails to comply with Illinois Supreme Court Rule 341(h) and the record on appeal is insufficient to resolve the issue on appeal.

¶ 2    Defendant M&M Limousine Services appeals a judgment entered by the circuit court in favor of plaintiff Mark Sandrzyk and against defendant in the amount of $989. On appeal, defendant alleges the trial court miscalculated the damages to which plaintiff was entitled. We affirm.

¶ 3    The record on appeal does not contain a report of the trial court proceedings. The following facts are gleaned from the 13-page common law record, which includes plaintiff's *pro se* complaint and the trial court's order entered after trial.

¶ 4    On January 6, 2020, plaintiff filed a *pro se* complaint alleging that he paid defendant $1728 for a 36-passenger limousine bus service, but defendant only provided a 29-passenger limousine bus that cost $702. Plaintiff requested $1026 in damages, the price difference between the service for which he paid and the service he received. On February 18, 2020, following a trial at which both parties were present, the circuit court entered judgment in favor of plaintiff and against defendant in the amount of $989.

¶ 5    Defendant filed a timely *pro se* notice of appeal. No response brief having been filed, this court entered an order taking the case on plaintiff's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 6    On appeal, defendant contends the price difference between the two services was $112.50, not $1026. It argues the trial court "[f]ailed to notice the date differance [*sic*] and price differance [*sic*]."

¶ 7    Our review of defendant's appeal is hindered by its failure to fully comply with Illinois Supreme Court Rule 341 (eff. May 25, 2018), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Defendant's *pro se* opening brief fails to conform with Illinois Supreme Court Rule 341(h) (eff. May 25, 2018), as the brief does not contain a table of contents, a statement regarding the applicable standard of review or this court's jurisdiction, a statement of facts containing "the facts necessary to an understanding of the case," or an argument containing "citation of the authorities and the pages of the record relied on." Rather,

defendant's brief consists only of a few lines arguing the trial court erred and the following allegations:

"The Difference is 112.50. Not 1026.00 he came up with the 1026.00 [b]y asking for an other [*sic*] quote in December. The Prices in December are lower then [*sic*] September because there is more demand of service in September then [*sic*] December.

The Judge failed to see how the prices are different between the 2 months so did Mark."

¶ 8 Compliance with the procedural rules of Rule 341(h) is mandatory. *McCann*, 2015 IL App (1st) 141291, ¶ 12. This court will not impose a more lenient standard for *pro se* litigants. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001) ("*Pro se* litigants are presumed to have full knowledge of applicable court rules and procedures."); see also *People v. Fowler*, 222 Ill. App. 3d 157, 165 (1991) ("[A] *pro se* litigant must comply with the rules of procedure required of attorneys, and a court will not apply a more lenient standard to *pro se* litigants."). "This court has the discretion to strike an appellant's brief and dismiss an appeal for failure to comply with Rule 341." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. However, because defendant made an effort to present its appeal by use of the approved form brief and the issue in this case is simple, we choose not to dismiss the appeal on that ground. See *Harvey v. Carponelli*, 117 Ill. App. 3d 448, 451 (1983).

¶ 9 Nevertheless, deficiencies in the record still prevent us from reaching the merits of this appeal. "Where it is alleged that the evidence presented was actually insufficient to support the court's finding, the burden of preserving said evidence rests with the party who appeals from said order." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 394 (1984). Thus, as the appellant, it is defendant's

burden to provide a complete record for review in the appellate court to support a claim of error. *Id* at 391. If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392. This is because, in order to determine whether there was actually an error, a reviewing court must have a record before it to review. *Id.*

¶ 10 The common law record shows the trial court held a trial on February 18, 2020. Defendant has not filed a report of proceedings, bystander's report, or agreed statement of facts reflecting the facts asserted at the trial, the arguments the court heard, and the basis for the court's decision. See Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). We therefore must presume that the court acted in conformity with the law and ruled properly after considering the evidence before it at trial (*Corral v. Mervis Industries*, *Inc.*, 217 Ill. 2d 144, 156-57 (2005)), and have no basis for disturbing the trial court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 11 For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 12 Affirmed.