*In re* BERNICE VEATCH.—(CHARLES W. VEATCH, JR., *et al.*, Appellees, *v.* EMMA LOUISE RAYCRAFT, Appellant.)

Third District    No. 80-390

Opinion filed February 10, 1981.

Donald W. Wilcox, Jr., of Thomson, Weintraub & Thompson, of Bloomington, for appellant Emma Louise Raycraft.

James R. Blunk, of Bell, Razzano & Blunk, of Watseka, for appellee Bernice Veatch.

Henry W. Phillips, of Fairbury, for appellee Charles W. Veatch, Jr.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Bernice Veatch, age 51, has been mentally retarded since birth. Bernice's mother, Louise B. Veatch, died in 1945, bequeathing a fee simple interest in approximately 160 acres of partially improved farmland to Bernice's brother and only sibling, Charles W. Veatch, Jr. The bequest

was conditioned upon Charles using the income from the farm to provide for the care, comfort and support of Bernice during her lifetime.

In December 1979, Charles was appointed guardian of the person of Bernice, and the National Bank of Fairbury was appointed guardian of Bernice's estate. As guardian of Bernice's person, Charles petitioned the court in April 1980 for judicial approval of a plan whereby the farm would be sold for approximately $624,000 and the guardian of Bernice's estate would be authorized to accept $120,000 from Charles in exchange for releasing Bernice's interest in the income from the farm. The income from a trust fund established with the $120,000 would be used for the care, comfort and support of Bernice. By the provisions of the trust, any principal and interest remaining in the trust at Bernice's death would revert to Charles or his heirs.

Emma Louise Raycraft, a cousin of Bernice who was raised in the Veatch home, petitioned the court to intervene in the matter for purposes of presenting evidence to the court and cross-examining witnesses. Concurrently, Mrs. Raycraft requested a substitution of judge.

The court denied both of Mrs. Raycraft's requests and granted the petition of Charles W. Veatch, Jr. This appeal is brought by Mrs. Raycraft from the court's denial of her request to intervene and for substitution of judge.

She contends that the trial judge abused his discretion in denying her petition to intervene and that he erred in denying her request for a substitution of judge. We disagree with both of the appellant's contentions.

Mrs. Raycraft's petition to intervene was based upon the permissive intervention rule found in section 26.1(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 26.1(2)):

"Upon timely application anyone may in the discretion of the court be permitted to intervene in an action: (a) when a statute confers a conditional right to intervene: or (b) when an applicant's claim or defense and the main action have a question of law or fact in common."

That provision has been interpreted to mean that while the person seeking to intervene need not demonstrate a direct interest in the suit, the petition to intervene must reveal a specific, enforceable or recognizable right greater than the interest of the general public in the subject matter of the suit. (*Caterpillar Tractor Co. v. Lenckos* (1979), 77 Ill. App. 3d 90, 395 N.E.2d 1167.) By statute, the question of permissive intervention is discretionary with the trial court, and the court's determination on the question will not be reversed absent a clear showing of an abuse of discretion. *Steelworkers Local 5292 v. Bailey* (1975), 29 Ill. App. 3d 392, 329 N.E.2d 867.

In the instant case, Mrs. Raycraft, who originally protested the appointment of Charles W. Veatch, Jr., as guardian of the person of Bernice, sought to intervene in order that she might independently investigate Charles' proposal with the help of experts in the areas of accounting, actuary science and financial investment. She alleged in her petition that Charles' prolonged absence from Illinois (he and his family have lived in California since 1960) was indicative of his lack of concern for Bernice's welfare and that a financial conflict of interest existed between Charles' ownership of the farm and Bernice's equitable lien upon the income from the farm. Mrs. Raycraft also alleged that she is the only relative or friend of Bernice Veatch who has regular, continuing and frequent contact with her.

■■ ■ Although we can sympathize with Mrs. Raycraft's concerns for Bernice's welfare, there is simply no basis in statute or case law for the proposition that general concern for the welfare of a party to a lawsuit entitles the third party to intervene in that lawsuit. This is true even in the present situation where the third party is not only a friend but also a relative of the party in question. Mrs. Raycraft has demonstrated no specific, enforceable right such as to warrant her intervention other than her general concern for Bernice's welfare.

■■ Furthermore, in the memorandum opinion dated August 6, 1980, prepared by Judge Robert L. Dannehl, Charles' proposal is found to be fair and generous and in the best interest of Bernice Veatch. For these reasons we find no abuse of discretion in Judge Dannehl's denial of Mrs. Raycraft's petition to intervene.

Likewise, we find no abuse of discretion in the denial of Mrs. Raycraft's motion for substitution of judge. Section 1 of the venue act refers to motions for a change of venue made by a party or his attorney. (Ill. Rev. Stat. 1979, ch. 110, par. 501.) The trial judge in the present case correctly reasoned that since Mrs. Raycraft's petition to intervene was denied, she was not a party to the lawsuit and could not, therefore, request a substitution of judge.

■■ Once a petition to intervene is denied, the petitioner is deemed never to have been a party. (See *Koester v. Yellow Cab Co.* (1974), 18 Ill. App. 3d 56, 309 N.E.2d 269.) Mrs. Raycraft argues that the definition of "party" for purposes of a change of venue should be expanded to include one whose petition to intervene is denied, but cites no case law specifically in support of that argument. We find no basis in law or in logic to alter the ruling of the trial court.

It is unfortunate that disagreements between those most concerned with Bernice's welfare have prolonged this litigation, particularly where the plan proposed by Charles to benefit Bernice appears to be equitable

416

and clearly in her best interest. Accordingly, the orders of the Circuit Court of Iroquois County denying Mrs. Raycraft's petition to intervene and for substitution of judge are affirmed.

Affirmed.

BARRY and HEIPLE, JJ., concur.