CITIZENS AGAINST THE RANDOLPH LANDFILL (CARL), Petitioner, v. THE POLLUTION CONTROL BOARD *et al.*, Respondents.—THE COUNTY OF McLEAN, Petitioner, v. THE POLLUTION CONTROL BOARD *et al.*, Respondents.

Fourth District   Nos. 4—88—0247, 4—88—0251 cons.

Opinion filed December 28, 1988.—Rehearing denied February 15, 1989.

Paul R. Welch, of Bloomington, for petitioner Citizens Against the Randolph Landfill.

Charles G. Reynard, State's Attorney, of Bloomington (Eric T. Ruud, Assistant State's Attorney, of counsel), for petitioner County of McLean.

Immel, Zelle, Ogren, McClain, Germeraad & Costello, of Springfield (Thomas J. Immel, of counsel), for respondents.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

The dispositive issue in this case is whether an applicant for landfill site approval waived its right to a county board decision on its application within the statutorily prescribed time period. Additional questions are whether the filing of a motion for reconsideration with respect to an Illinois Pollution Control Board (IPCB) decision in a landfill siting case extends the time for a county filing in this court a petition for review of the IPCB's decision and whether a group of concerned citizens had standing to intervene in a landfill siting case after a decision of the IPCB in effect reversed a county board decision which denied a request for landfill site approval.

The facts may be briefly stated. On January 22, 1987, respondent McLean County Disposal Company (disposal company) delivered an application for site approval for a new regional pollution control facility (landfill) to the McLean County clerk's office. In its application, the disposal company proposed to locate the landfill near the unincorporated community of Randolph in McLean County. The clerk did not accept the application for filing on that date, but retained it in order to determine whether it met all of the requirements of the county's Regional Pollution Control Facilities Resolution. The applicant understood the application was not filed.

On February 19, 1987, the county's Pollution Control Site Hearing Committee, acting on a recommendation of its staff, directed the county clerk to reject the disposal company's application. The bases for this action were 17 specified deficiencies in the application. Among these deficiencies were lack of clarity in some of the maps accompanying the application, lack of a key or legend to explain symbolization on some of the maps, and failure of the proposed landfill site boundaries indicated on maps submitted with the application to match the proposed landfill site's legal description. Accordingly, the county clerk informed the disposal company per a letter dated February 20, 1987, that its proposed application was rejected.

Thereafter, the disposal company submitted a supplement to its application in response to the Pollution Control Site Hearing Committee's objections. The Pollution Control Site Hearing Committee subse-

quently recommended that the disposal company's application, as supplemented by the additional materials, be filed. On the basis of this recommendation, the county clerk filed the disposal company's application for landfill site approval on March 17, 1987. On August 18, 1987, following extensive public hearings and the receipt of numerous written comments from the public, the McLean County Board, acting on recommendation of the Pollution Control Site Hearing Committee, rejected the disposal company's application for landfill site approval.

On August 31, 1987, the disposal company filed a petition for review of the county board's decision with the IPCB. Following a hearing and the submission of briefs by the parties, the IPCB, in a 4 to 3 decision filed January 21, 1988, vacated the county board's decision. The IPCB ruled that the disposal company's application for landfill site approval was granted by operation of law, due to the county board's failure to rule on the application within 180 days of the date (January 22, 1987) on which it was originally delivered to the McLean County clerk.

On February 24, 1988, the county filed a motion for reconsideration of the IPCB's decision. On February 25, 1988, a nonprofit corporation known as Citizens against the Randolph Landfill, Inc. (CARL), filed an application for leave to intervene in the proceedings. In a 4 to 3 decision filed March 10, 1988, the IPCB denied a motion by the disposal company to strike the county's motion for reconsideration, but denied the motion on its merits. In the same decision, the IPCB denied CARL's motion for leave to intervene.

On April 8, 1988, the county filed a petition for review of the IPCB's January 21, 1988, order holding that the disposal company's application for site approval was granted by operation of law and the IPCB's March 10, 1988, order which denied its motion for reconsideration (case No. 4—88—0251). On April 6, 1988, CARL filed a petition for review of the IPCB's March 10, 1988, order which denied it leave to intervene (case No. 4—88—0247).

We first address the question of whether the county filing a motion for reconsideration with the IPCB extended the time for its filing in this court a petition for review of the IPCB's January 21, 1988, decision. The disposal company has filed in this court a motion to dismiss the county's petition for review on the ground that it was not timely filed. In this motion, the disposal company contends the time period during which the county could appeal the IPCB's decision ran from the date of the filing of the IPCB's January 21, 1988, order, rather than from the date of the IPCB's March 10, 1988, denial of the county's motion for reconsideration. The disposal company contends that since

the county's petition for review was not filed within 35 days of the entry of the former order (Ill. Rev. Stat. 1985, ch. 111½, par. 1041(a)), this court has no jurisdiction to consider the county's appeal.

■ An analysis of the relevant statutes, court rule, and administrative rules supports the conclusion that the filing of a motion for reconsideration extends the time for the filing of a petition for review of an IPCB order in a landfill site approval case to a date 35 days from the date the motion for reconsideration is ruled upon. First of all, Supreme Court Rule 335(h)(2) (107 Ill. 2d R. 335(h)(2)) provides that section 3—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 3—101) is applicable to those cases in which direct review of administrative orders by the appellate court is permitted. Section 3—101 provides that in cases where an administrative rule permits the filing of an application for a rehearing and such an application is timely filed, the administrative order to which the application for rehearing is directed is not final until the application for rehearing is disposed of. Section 41(a) of the Environmental Protection Act provides for direct review by the appellate court of IPCB orders "pursuant to the provisions of the Administrative Review Law, * * * and the rules adopted pursuant thereto." (Ill. Rev. Stat. 1985, ch. 111½, par. 1041(a).) In order to obtain review of an IPCB order by the appellate court, "a petition for review [must be filed] within thirty-five days after entry of the order or other final action complained of." Ill. Rev. Stat. 1985, ch. 111½, par. 1041(a).

The IPCB has adopted rules of procedure which are specifically applicable to "orders of the Board." (35 Ill. Adm. Code § 102.101 (1985).) These rules provide that within 35 days of adoption of a final order, a party may file a petition for rehearing or modification of the order. (35 Ill. Adm. Code § 103.240 (1985).) Although these rules are not explicitly adopted pursuant to the Administrative Review Law, to the extent they describe steps preliminary to appeal of IPCB orders to the courts, they obviously were adopted pursuant to that legislation. Thus, the IPCB has adopted a rule permitting petitions for rehearing to be filed with respect to IPCB orders, and by statute this rule in effect extends the time for filing petitions for review of IPCB orders to a date 35 days from the date a petition for rehearing (if any is filed) is ruled upon.

In *Waste Management of Illinois, Inc. v. Pollution Control Board* (1984), 123 Ill. App. 3d 1075, 463 N.E.2d 969, which both parties cite in their arguments as to this issue, the court, relying on applicable statutes and administrative rules, including the predecessor of section 103.240 of the IPCB rules (35 Ill. Adm. Code § 103.240 (1985)), found

that rehearing procedures promote judicial economy by allowing the IPCB to reconsider its own decisions prior to potential appeals to the courts. The court made no statements which would support the disposal company's position that in appeals to the IPCB from county board decisions on landfill location requests, the rehearing procedure is available only to beneficiaries of the 120-day time limit for IPCB action on such appeals.

As the disposal company points out, there is an apparent conflict between section 40.1(a) of the Environmental Protection Act (Ill. Rev. Stat. 1985, ch. 111½, par. 1040.1(a)), which requires final IPCB action on appeals from county board decisions in landfill location cases within 120 days, and the statutes, court rule, and administrative rules which extend the time for filing a petition for review of an IPCB order if a motion for reconsideration is filed. However, section 103.240 of the IPCB rules (35 Ill. Adm. Code §103.240 (1985)) provides:

> "Within 35 days after the adoption of a *final order*, any party may file a motion for rehearing or modification of the order or to vacate the order or for other relief. Response to said motion shall be filed within 14 days from the filing thereof. A motion filed within 35 days stays enforcement of the *final order* and the time for appeal from such order runs anew after the Board rules upon motion." (Emphasis added.)

Thus the IPCB rule governing motions for reconsideration of IPCB orders recognizes that the filing of such motions does not affect the finality of IPCB orders. Where a statute or rule permits the filing of motions for rehearing or reconsideration with respect to administrative orders which extend the time period in which to request judicial review, such motions are part and parcel of the administrative review process. The filing of such motions does not affect the finality of IPCB orders in landfill siting cases any more so than does the filing of petitions for review of such orders in this court.

In sum, the relevant statutes, court rule, and administrative rules support the conclusion the filing of a motion for reconsideration with respect to a final IPCB order extends the time period for filing a petition for appellate court review of the order to a date 35 days from the date the IPCB rules on the motion for reconsideration. For this reason, we hold that the County of McLean's petition for review by this court of the IPCB's orders was timely filed, and we therefore deny McLean County Disposal Company's motion to dismiss the County of McLean's petition for review.

We must also deny the disposal company's motion to dismiss CARL's petition for review. Following the IPCB's vacation of the

county board's decision, CARL filed a petition for leave to intervene in this proceeding. The disposal company filed objections to CARL's petition, and the IPCB denied CARL's petition for leave to intervene in its March 10, 1988, order. The basis for the IPCB's decision was that in ruling on motions for reconsideration, the IPCB may consider only the information contained in the record at the time of the initial decision. Thus anything new which CARL would present to the IPCB could not properly be considered in ruling upon a motion for reconsideration of the IPCB's order which vacated the decision of the county board. Following the filing of CARL's petition for review of the IPCB's March 10, 1988, order, the disposal company filed a motion to dismiss CARL's petition for review.

CARL contends that when the IPCB in effect reversed the county board's decision, CARL became entitled to intervene in the proceeding. CARL points out that evidence admitted at the county board hearings indicated that the proposed landfill might have a substantial adverse impact on nearby residents. CARL therefore contends it not being allowed to intervene in this proceeding would violate the rights of its members to due process of law in that it would prevent them from presenting argument or having input as to resolution of the question of whether the disposal company's application for landfill site approval should be granted for the reasons stated by the IPCB.

Section 41(a) of the Environmental Protection Act confers the right to administrative review in the appellate court on one who "filed a complaint [with the IPCB] on which a hearing was denied." (Ill. Rev. Stat. 1985, ch. 111½, par. 1041(a).) In the present case, CARL filing a petition for leave to intervene amounted to it filing a complaint with the IPCB. When the IPCB dismissed CARL's petition, it in effect denied CARL a hearing on the complaint which it had filed. For this reason, we hold CARL may appeal, under section 41(a), the IPCB order which denied it leave to intervene. In *McHenry County Landfill, Inc. v. Environmental Protection Agency* (1987), 154 Ill. App. 3d 89, 506 N.E.2d 372, relied upon by the disposal company, the IPCB allowed parties who occupied positions similar to that of CARL to file crossappeals from a county board's decision denying an application for a landfill location permit and apparently heard arguments presented by those parties. Thus, in *McHenry County Landfill*, the parties situated similarly to CARL did not file a complaint on which a hearing was denied, and this case is factually distinguishable from the case at bar.

The fact the IPCB may have had no authority to allow CARL to intervene does not in itself support a holding this court has no jurisdiction to consider CARL's appeal. Generally speaking, when one improp-

erly seeks to initiate an action before an administrative board, such as by requesting review of a decision which the board has no authority to review, the board at least has jurisdiction to enter a final order dismissing the action, and the courts have jurisdiction to review such an order. A decision that the courts have no jurisdiction to review final administrative agency orders entered with respect to petitions for leave to intervene in cases where the administrative agencies have no authority to allow the appellant to intervene would have the unwarranted effect of allowing such orders to stand in cases where the administrative agency erroneously allowed the appellant to intervene. (See *Kutz v. Merit Comm'n* (1988), 168 Ill. App. 3d 508, 522 N.E.2d 794.) To the extent *McHenry County Landfill* indicates a contrary result, we decline to follow that decision.

■ There appear to be no provisions in the administrative rules pertaining to proceedings before the IPCB which establish a right to intervene under circumstances such as those here present. The only two rules which mention a right to intervene in proceedings before the IPCB are IPCB Rules 103.142(a) and 103.142(d). (35 Ill. Adm. Code 103.142(a), (d) (1985).) Rule 103.142(a) is by its terms limited to enforcement actions. Rule 103.142(d) gives persons having an interest in the use of community sewer or water facilities provided by a municipally owned or publicly regulated company the right to intervene in IPCB proceedings which affect such interests. The present proceedings obviously fall into neither of the above categories.

CARL's constitutional arguments do not require a holding that CARL is entitled to intervene in this proceeding despite the absence of an IPCB rule specifically permitting it to do so. Due process does not prohibit the exclusion of third parties from the pollution control permit application procedure. (*E & E Hauling, Inc. v. Pollution Control Board* (1985), 107 Ill. 2d 33, 481 N.E.2d 664.) Moreover, if the IPCB had allowed CARL to intervene in this proceeding, CARL could have presented only legal arguments concerning what the IPCB deemed the dispositive issue of whether the county board acted on the disposal company's application within the statutorily mandated time period. CARL could not have presented additional evidence to the IPCB, since in reviewing county board decisions in cases such as this, the IPCB is limited to evidence presented to the county board. (Ill. Rev. Stat. 1985, ch. 111½, par. 1040.1(a).) CARL does not assert that it would have presented arguments to the IPCB which the county did not present. Moreover, if CARL had desired to present to this court arguments different from those which the county presented, it could have requested leave to file in this court a brief *amicus curiae*. (107 Ill. 2d R. 345.)

Under these circumstances, it cannot be said that CARL has established that its members were prejudiced or deprived of their due process rights as a result of having no right to intervene in the IPCB proceedings with respect to the county's motion for reconsideration. For the foregoing reasons, we deny the disposal company's motion to dismiss CARL's appeal, but hold that the IPCB correctly denied CARL's petition for leave to intervene.

■ We now turn to the dispositive issue in this case—whether the McLean County Disposal Company waived compliance by the McLean County Board with the 180-day deadline for a county board ruling on the disposal company's application for landfill site approval. Relevant to this issue are the following portions of the Environmental Protection Act:

> "(c) Except for those facilities owned or operated by sanitary districts *** no permit for the development or construction of a new regional pollution control facility may be granted by the [Environmental Protection] Agency unless the applicant submits proof to the Agency that the location of said facility has been approved by the County Board of the county if in an unincorporated area, or the governing body of the municipality when in an incorporated area, in which the facility is to be located in accordance with Section 39.2 of this Act." Ill. Rev. Stat. 1985, ch. 111½, par. 1039(c).

> "(e) In granting approval for a [landfill] site the county board or governing body of the municipality may impose such conditions as may be reasonable and necessary to accomplish the purposes of this Section and as are not inconsistent with regulations promulgated by the Board. *** If there is no final action by the county board or governing body of the municipality within 180 days after the filing of the request for site approval the applicant may deem the request approved." Ill. Rev. Stat. 1985, ch. 111½, par. 1039.2(e).

Because we decide this case on the basis of the county's waiver argument, it is not necessary to set forth the holding of the IPCB or the arguments of the parties at length.

In the IPCB's January 21, 1988, order which vacated the county board's decision, the majority concluded that under the facts of this case, the disposal company's application for landfill site approval was filed on January 22, 1987, and the deadline for action by the county board on the disposal company's application was thus July 23, 1987. Since the county board did not act on the disposal company's application until August 18, 1987, the application was, according to the IPCB

majority, approved by operation of law pursuant to section 39.2(e) of the Environmental Protection Act. (Ill. Rev. Stat. 1985, ch. 111½, par. 1039.2(e).) The dissenting members of the IPCB opined that the county board had authority to determine that the disposal company's application was not filed on January 22, 1987, and that the county board thus ruled on the application within the 180-day time period prescribed by statute.

In appealing the IPCB's decision to this court, the county contends it had the power to prescribe requirements for applications for landfill site approval and to refuse to file the disposal company's application because it did not conform to those requirements. On this basis, the county argues that the disposal company's application was first filed on March 17, 1987, and that it therefore ruled on the application within the statutorily prescribed 180-day time limit. The county also contends that by submitting additional materials in response to the county board's refusal to file the initial version of its application, the disposal company waived any objections to the county board not complying with the 180-day deadline for decision on its application.

The disposal company argues that its application for landfill site approval was filed when it was first delivered to the county clerk's office on January 22, 1987, and that since the county board did not rule on its application within 180 days of this date, the application was approved by operation of law. The disposal company also asserts that it preserved for review its objections to the procedure utilized by the county board in this case. The disposal company premises this assertion on the following statement contained in its March 17, 1987, response to the county board's initial refusal to file its application for landfill site approval:

> "All of the foregoing information is being provided so as to meet the requirements of the County Ordinance and to specifically address objections raised in the County Board's Resolution of February 19. In providing this information, the applicant does not waive any objections that it has to the nature and content of the County Ordinance or to any actions taken by the County Board since January 22, 1987 or thereafter, all of which objections are specifically preserved."

The disposal company further contends that the county waived its waiver argument by failing to present it in the proceedings before the IPCB.

For purposes of considering the county's waiver arguments, we will assume, but do not decide, that the disposal company's application for landfill site approval was filed with the county clerk on January 22,

1987. We conclude that if the disposal company's application was filed on this date, the disposal company waived compliance with the 180-day deadline for county board action on its application.

The county board's resolution of March 17, 1987, directed the county clerk to accept the disposal company's application for filing as of that date. At no time previously did either the county board or the county clerk indicate that the application was filed. The receipt given the disposal company by the county clerk on June 22, 1987, indicated the application was not filed. The record reflects all of the parties participated without specific objection in proceedings which were apparently premised on the assumption that the application was first filed on March 17, 1987. The statute requires a public hearing to be held between 90 and 120 days after an application for landfill site approval is filed. (Ill. Rev. Stat. 1985, ch. 111½, par. 1039.2(d).) In this case, public hearings were held between June 16, 1987, and July 8, 1987. These hearings were held within the statutorily prescribed time limit, assuming the disposal company's application was filed on March 17, 1987, but were not held within the statutorily prescribed time limit assuming a January 22, 1987, filing date. On the basis of a January 22, 1987, filing date, the deadline for county board action on the disposal company's application would have been July 23, 1987; on the basis of a March 17, 1987, filing date, the deadline would have been September 13, 1987. The disposal company filed an opening brief on July 20, 1987, CARL filed a brief on August 3, 1987, and the disposal company filed a reply brief on August 7, 1987. By participating in public hearings after the deadline for such hearings had passed on the basis of a January 22, 1987, filing date and by filing a reply brief after the deadline for county board action had passed on the basis of a January 22, 1987, filing date, the disposal company waived its right to a decision by the county board on or before that purported deadline.

██ The previously quoted statement contained in the amendment to the disposal company's application submitted after the county board's initial rejection of the application, to the effect that the disposal company does not waive any objections to the county board's ordinance or actions taken by the county board since January 22, 1987, or thereafter, did not preserve for review any objections to the county board's actions. Generally speaking, a trial court must be specifically informed of the nature of objections. It is unfair to make objections on appeal after concealing the real nature of the objections from the lower court. (*DeMarco v. McGill* (1948), 402 Ill. 46, 83 N.E.2d 313.) The requirement that objections must be specifically asserted before the trier of fact is equally applicable to administrative proceedings (see

*Leffler v. Browning* (1958), 14 Ill. 2d 225, 151 N.E.2d 342), especially where the administrative tribunal could easily have remedied the alleged defect in the proceedings. *Meinhardt Cartage Co. v. Illinois Commerce Comm'n* (1959), 15 Ill. 2d 546, 155 N.E.2d 631.

Where injustice would result, legal questions not passed upon by an administrative agency may nevertheless be considered on review. (*Wadlington v. Mindes* (1970), 45 Ill. 2d 447, 259 N.E.2d 257, *appeal dismissed* (1970), 400 U.S. 935, 27 L. Ed. 2d 242, 91 S. Ct. 252.) In this case, however, much more hardship—namely denial of the right of the citizens of McLean County to an adjudication of the disposal company's application on its merits—would result from refusal to apply the waiver principle than will result from application of the principle. The failure of the county to advance its waiver argument in the proceedings before the IPCB does not weigh against a holding that the disposal company waived compliance with the 180-day deadline for county board action, for no substantial prejudice or hardship could have resulted to the disposal company from the IPCB's failure to consider this argument.

In summary, we hold (1) the county filing a petition for rehearing with the IPCB extended the time period for the county to file a petition for review with this court, and the county timely filed its petition for review; (2) we have jurisdiction to consider whether the IPCB properly denied CARL's petition for leave to intervene, and the IPCB correctly denied CARL's petition; and (3) if the McLean County Disposal Company's application for landfill site approval was filed on January 22, 1987, the disposal company waived compliance by the County of McLean with the 180-day deadline for action on the application.

McLean County Disposal Company's motions to dismiss the County of McLean's and CARL's petitions for review are denied. The decisions of the Illinois Pollution Control Board are reversed insofar as they relate to the County of McLean, and affirmed insofar as they pertain to CARL. This cause is remanded to the IPCB with directions to address the merits of the McLean County Board's decision on the McLean County Disposal Company's application for landfill site approval.

No. 4—88—0247, Motion to dismiss petition for review denied; decision of Pollution Control Board affirmed.

No. 4—88—0251, Motion to dismiss petition for review denied; decision of Pollution Control Board reversed and cause remanded with directions.

SPITZ and GREEN, JJ., concur.