MAX E. MEYER *et al.*, Petitioners, v. CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO *et al.*, Respondents (Willard Tipsord *et al.*, Petitioners-Appellants; Keene Corporation, Claimant-Appellee; Mary Gerber Oppenheim, Receiver-Appellee).

First District (3rd Division) No. 1—88—2914

Opinion filed June 27, 1990.

James Walker, Ltd., of Bloomington, for appellants.

Drendel, Schanlaber, Horwitz, Tatnall & McCracken, of Aurora (Richard L. Horwitz and Gretta E. Bieber, of counsel), for appellee Keene Corporation.

Rudnick & Wolfe, of Chicago (David G. Lynch, of counsel), for appellee Mary Gerber Oppenheim.

JUSTICE RIZZI delivered the opinion of the court:

Petitioners-appellants Willard and Elaine Tipsord, Randy and Nancy Wolford, Carl and Imogene Chase, Dorothy Robbins, Windell and Judy Kessinger, Delmar and Mary Alsene and Juan and Guadalupe Hernandez (Petitioners), appeal from an order of the circuit court of Cook County which denied their motions to intervene and for change of venue. We affirm.

This matter originated when North American Asbestos Corporation (North American), an importer and seller of asbestos and asbestos products, filed for corporate dissolution and was subsequently dissolved by the Illinois Secretary of State on May 19, 1978. In July 1981, the trustees of the North American Asbestos Corporation liquidating trust filed a petition for direction regarding its assets and for appointment of a liquidating receiver. Appellee Mary G. Oppenheim (Receiver) was appointed liquidating receiver for the trust assets.

Beginning prior to, but primarily after its dissolution, North American was named in over 500 lawsuits filed in various parts of the country brought by various persons claiming asbestos-related injuries, illnesses and deaths. In 1981, Charlotte Hammond (Hammond) obtained a judgment in the circuit court of the Eleventh Judicial Circuit

against North American. Hammond filed garnishment proceedings against the trust assets. Thereafter, Hammond and the Receiver litigated various disputes in the Fourth District Appellate Court and the Illinois Supreme Court. The trial court in the receivership action deferred proceeding with liquidation of the receivership estate during the pendency of the Hammond matters. Throughout the proceedings, Hammond was represented by the attorney for petitioners in the present case.

When Hammond and the Receiver concluded their litigation, the court proceeded to liquidate the receivership estate. By an order entered June 13, 1985, the court invited anyone desiring to file a claim against North American's assets to do so on or before October 18, 1985. Appellee Keene Corporation (Keene), as well as hundreds of other individuals, filed claims on or before the deadline. None of the Petitioners filed claims before the deadline.

Keene and the Receiver moved to dismiss many of the claims, and after the filing of supplemental claims and a hearing, the court dismissed all claims except for Keene's. During these proceedings, Delora Stewart (Stewart) also obtained a judgment against North American in the circuit court of the Eleventh Judicial Circuit and initiated garnishment proceedings against one of the banks in which the Receiver had deposited estate funds. Stewart was also represented by the same attorney who represents Petitioners in the present case. The Receiver made a motion in the receivership action to enjoin Stewart from prosecuting the garnishment proceeding. Stewart moved for a change of venue. The trial court denied Stewart's motion and granted the Receiver's motion. Stewart appealed, and this court reversed the trial court order denying Stewart's motion for a change of venue.

On May 18, 1988, some of the Petitioners in this appeal filed a motion for a change of venue. They were not parties to the receivership action and had never filed claims, nor did they present a petition to intervene or any other pleading. The trial court denied their motion for change of venue and they appealed. This court dismissed the appeal because denial of a motion for a change of venue is not an appealable order.

On August 30, 1988, the Receiver presented motions for instructions that would conclude the receivership action and Petitioners filed motions for change of venue and petitions to intervene. The trial court denied the motions for change of venue and the petitions to intervene. The court then entered a final order providing for distribution of the assets of North American to Keene, discharge of the Receiver and termination of the receivership action. This appeal followed.

■ On appeal, the Petitioners contend that the trial court erred in denying their motion for a change of venue. We disagree. A litigant has the right to one change of venue on grounds of bias or prejudice of the judge, and it is an automatic right in the sense that the application for the change is required to be supported only by generalized allegations, which need not be proved. Ill. Rev. Stat. 1987, ch. 110, par. 2—1001(a)(2); *Dayan v. McDonald's Corp.* (1985), 138 Ill. App. 3d 367, 371, 485 N.E.2d 1188, 1191.

■ If, after the trial judge has ruled on a substantive issue, a party has a legitimate reason to believe the judge is prejudiced, he may still petition for a change of venue. The litigant must set forth in his petition specific allegations to support his charge of prejudice, and the petition will be granted only in the sound discretion of the trial court. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1001(c); *Dayan,* 138 Ill. App. 3d at 371; *Harvey v. Brewer* (1987), 166 Ill. App. 3d 253, 258, 519 N.E.2d 939, 943.) Grant or denial of a petition for change of venue will not be disturbed on appeal absent an abuse of discretion. *Gouker v. Winnebago County Board of Supervisors* (1967), 37 Ill. 2d 473, 475, 228 N.E.2d 881, 882.

■ In the present case, when Petitioners presented their motions for change of venue, the trial court had ruled that all claims not filed prior to October 18, 1985, were barred. This ruling applied to Petitioners because they did not file their claims prior to that date. As a result, the Petitioners were not actual parties to the receivership action since their petitions to intervene were denied. *In re Veatch* (1981), 93 Ill. App. 3d 413, 415, 417 N.E.2d 201, 203.

■ However, assuming, *arguendo,* that the Petitioners were parties to the action, the court's prior rulings which, *inter alia,* barred all claims brought after October 18, 1985, were substantive in nature and, thus, Petitioners' automatic right to change of venue was waived by their late application. Although the Petitioners were still entitled to request a change of venue by setting forth in their petition specific allegations in support of their charge of prejudice, they failed to proffer any evidence in support of their allegations. The Petitioners based their motion upon the conclusory assertion that the trial court was prejudiced against their counsel. In light of the Petitioners' failure to timely move for change of venue and/or support their petition with specific allegations in support of their charge of prejudice, we find the trial court's denial of their motion for change of venue to have been proper. We therefore conclude that the trial court did not err in denying Petitioners' motion for change of venue.

■ Because the Petitioners have failed to brief or argue the issue

of the trial court's denial of their motion to intervene, review of that issue is waived. 107 Ill. 2d R. 341(e)(7); *Batteast v. Argonaut Insurance Co.* (1983), 118 Ill. App. 3d 4, 6, 454 N.E.2d 706, 709.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

CERDA, P.J., and FREEMAN, J., concur.