MERLIN KARLOCK, Petitioner-Appellant, v. WASTE MANAGEMENT OF ILLINOIS *et al.*, Respondents-Appellees.—MICHAEL WATSON, Petitioner-Appellant, v. WASTE MANAGEMENT OF ILLINOIS *et al.*, Respondents-Appellees.

Third District   Nos. 3—04—0649, 3—04—0655 cons.

Opinion filed November 10, 2005.

George Mueller (argued), of Ottawa, and Jennifer J. Sackett Pohlenz (argued), David E. Neumeister, and Megan A. Brynes, all of Querrey & Harrow, Ltd., of Chicago, for appellants.

Lisa Madigan, Attorney General, of Chicago (Gary S. Feinerman, Solicitor General, and Karen J. Dimond (argued), Assistant Attorney General, of counsel), for appellee Pollution Control Board.

Donald J. Moran (argued), of Pedersen & Houpt, of Chicago, for appellee Waste Management of Illinois.

Edward D. Smith, State's Attorney, of Kankakee, and Charles F. Helsten, Richard S. Porter, and Heather K. Lloyd, all of Hinshaw & Culbertson, L.L.P., of Rockford, and Elizabeth S. Harvey, of Swanson, Martin & Bell, of Chicago, for appellee Kankakee County Board.

JUSTICE SCHMIDT delivered the opinion of the court:

This is an appeal of the Illinois Pollution Control Board's (IPCB) denial of Merlin Karlock's and Michael Watson's motions to intervene in Waste Management of Illinois's (Waste Management) appeal to IPCB of the Kankakee County Board's (KCB) denial of Waste Management's second site location application to expand its landfill located in Kankakee County.

## BACKGROUND

On September 26, 2003, Waste Management filed an application with KCB for a second site location for a proposed expansion of the Kankakee landfill. After public hearings in which Karlock and Watson participated, KCB denied Waste Management's application. Waste Management then appealed the denial to IPCB. Three months later, Watson filed a motion to intervene in Waste Management's appeal before IPCB. Watson owns over 500 acres of property that abut the proposed site. According to Watson, his property is adjacent to the site location on two sides. Watson also filed a motion to file an *amicus* brief. On July 1, 2004, Karlock, who is also an adjacent property owner, filed a motion to intervene, as well as an alternative motion to file an

*amicus* brief, and participate in the hearing during the public comment period. IPCB denied both Karlock's and Watson's motions to intervene. This appeal followed.

In November of 2004, Waste Management and KCB filed motions to dismiss Karlock's and Watson's appeal to this court for lack of jurisdiction. Petitioners responded to the motions by citing *Citizens Against the Randolph Landfill v. Pollution Control Board*, 178 Ill. App. 3d 686, 533 N.E.2d 401 (1988), for the proposition that a denial of a motion to intervene in an IPCB proceeding is a final and appealable order. On December 14, 2004, we denied the motions to dismiss and directed the parties to address the issue in their briefs.

## ANALYSIS

There are two issues before this court. The first is whether this appeal should be dismissed for lack of jurisdiction. The second is whether IPCB properly denied Karlock's and Watson's motions to intervene.

■ Section 41(a) of the Environmental Protection Act (the Act) (415 ILCS 5/41(a) (West 2002)) provides that "any party adversely affected by a *final* order or determination of the Board *** may obtain judicial review, by filing a petition for review within 35 days from the date that a copy of the order or other *final* action sought to be reviewed was served upon the party affected." (Emphasis added.) 45 ILCS 5/41(a) (West 2002). Only final orders of the board are subject to judicial review. *Landfill, Inc. v. Pollution Control Board*, 74 Ill. 2d 541, 549, 387 N.E.2d 258, 260 (1978). A final order of IPCB is one that "determines the litigation on the merits so that, if affirmed, the only things [*sic*] remaining is to proceed with the execution of the judgment." *Archer Daniels Midland v. Pollution Control Board*, 149 Ill. App. 3d 301, 304, 500 N.E.2d 580, 582 (1986). "Finality must be based upon a determination that the judgment fully and finally disposes of the rights of the parties so that no material controverted issue remains to be determined." *People v. Pollution Control Board*, 190 Ill. App. 3d 945, 947, 547 N.E.2d 647, 649 (1989).

Karlock and Watson argue that in *Citizens Against the Randolph Landfill v. Pollution Control Board*, 178 Ill. App. 3d 686, 533 N.E.2d 401 (1988), the appellate court held that the denial of a motion to intervene in a Pollution Control Board proceeding is final and directly appealable; therefore, this court has jurisdiction. However, in that case, IPCB disposed of both the motion to intervene and the entire case on the merits in the same order. *Citizens Against the Randolph Landfill v. Pollution Control Board*, 178 Ill. App. 3d at 689, 533 N.E.2d at 404. Since IPCB's order was a final disposition of the entire case,

the appellate court had jurisdiction over all issues raised in the case, including whether the motion to intervene was properly denied. The court did not specifically address whether a denial of a motion to intervene, standing alone, would have been an appealable final order. *Citizens Against the Randolph Landfill v. Pollution Control Board*, 178 Ill. App. 3d at 692, 533 N.E.2d at 406. Therefore, we find that *Randolph Landfill* offers no help to petitioners.

■ In *Miller v. Pollution Control Board*, 267 Ill. App. 3d 160, 164, 642 N.E.2d 475, 480 (1994), the court held that an IPCB order, which did not determine the full amount of costs, was not final for purposes of appeal. The court stated that "[a]n order is final *only* if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either upon the entire controversy, or upon some definite and separate part thereof." *Miller v. Pollution Control Board*, 267 Ill. App. 3d at 164, 642 N.E.2d at 480.

Here, IPCB's order did not determine the merits of the controversy or dispose of the rights of the parties. Karlock and Watson are not parties. IPCB proceedings were not terminated by the entry of the order denying Karlock and Watson leave to intervene. Therefore, IPCB's order was neither final nor immediately appealable. This court does not have jurisdiction. Thus, we can not address the merits of IPCB's decision to deny Karlock's and Watson's motions to intervene at this time. Our only option is to dismiss the appeal.

Appeal dismissed.

SLATER, P.J., and HOLDRIDGE, J., concur.