# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

**Board of Education of Roxana Community School District No. 1 v. Pollution Control Board, 2013 IL 115473**

---

| | |
|---|---|
| Caption in Supreme Court: | THE BOARD OF EDUCATION OF ROXANA COMMUNITY SCHOOL DISTRICT No. 1, Appellant, v. THE POLLUTION CONTROL BOARD *et al.*, Appellees. |
| Docket No. | 115473 |
| Filed | November 21, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Certification of a pollution control facility presents a technical question between its seeker and regulatory authorities, with no involvement of entities which claim this may cost them revenue but who, nevertheless, may object when taxes are assessed and seek circuit court review—school board's direct appeal to appellate court from Pollution Control Board's certifications and its denial of leave to intervene properly dismissed for lack of jurisdiction. |
| Decision Under Review | Appeal from the Appellate Court for the Fourth District; heard in that court on direct appeal from the Illinois Pollution Control Board. |
| Judgment | Affirmed. |

| Counsel on Appeal | Stuart L. Whitt, Joshua S. Whitt, Brian R. Bare and Brittany F. Theis, of Whitt Law LLC, of Aurora, and Donald M. Craven and Esther J. Seitz, both of Springfield, for appellant. |
| | |
| | Katherine D. Hodge and Monica T. Rios, of Hodge Dwyer & Driver, and Larry E. Hepler, Beth A. Bauer, Thomas H. Wilson and Michael P. Murphy, of HeplerBroom, LLC, all of Springfield, for appellee WRB Refining LP. |
| | |
| | Lisa Madigan, Attorney General, of Springfield (Michael A. Scodro, Solicitor General, and Richard S. Huszagh, Assistant Attorney General, of Chicago, of counsel), for appellees Illinois Pollution Control Board and Illinois Environmental Protection Agency. |
| | |
| Justices | JUSTICE KARMEIER delivered the judgment of the court, with opinion. |
| | Chief Justice Garman and Justices Freeman, Thomas, Kilbride, and Theis concurred in the judgment and opinion. |
| | Justice Burke took no part in the decision. |

**OPINION**

¶ 1        The issue in this case is whether the appellate court ruled correctly when it concluded that it lacked jurisdiction to entertain an appeal by the Board of Education of Roxana Community School District No. 1 (the Board of Education) from decisions of the Pollution Control Board which denied the Board of Education's petitions to intervene in 28 separate proceedings for certification of certain facilities as "pollution control facilities" and granted the subject certifications. The basis for the appellate court's ruling was that judicial review of a Pollution Control Board decision to issue, refuse to issue, deny, revoke, modify or restrict a pollution control certificate is governed by section 11-60 of the Property Tax Code (35 ILCS 200/11-60 (West 2010)). Under that provision, appeals must be filed in circuit court, not the appellate court, and can only be brought by applicants for or holders of the certificates, classifications into which the Board of Education did not fall. 2012 IL App (4th) 120174-U.

¶ 2        One justice dissented. He believed the Board of Education should have been permitted to prosecute this appeal pursuant to section 41 of the Environmental Protection Act (415 ILCS 5/41 (West 2010)), which permits appeals directly to the appellate court by, *inter alios*, "any party adversely affected by a final order or determination of the Board."

¶ 3        Following entry of the appellate court's judgment, the Board of Education petitioned this

court for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010). We granted the petition. For the reasons that follow, we now affirm.

¶ 4                                          BACKGROUND

¶ 5        The facts necessary for resolution of this appeal are straightforward and undisputed. A company known as WRB Refining, LP (WRB), owns the Wood River Petroleum Refinery in Madison County. Following major renovations to the refinery, WRB submitted separate applications to the Illinois Environmental Protection Agency (IEPA) pursuant to section 11-25 of the Property Tax Code (35 ILCS 200/11-25 (West 2010)) to have 28 of the refinery's systems, methods, devices, and facilities certified as "pollution control facilities" within the meaning of section 11-10 of the Code (35 ILCS 200/11-10 (West 2010)). WRB sought those certifications because, if approved, they would result in a preferential tax assessment of the subject systems, methods, devices and facilities. See 35 ILCS 200/11-5, 11-15, 11-20 (West 2010).

¶ 6        WRB filed its 28 applications in October of 2010. The following August, the IEPA recommended to the Pollution Control Board that it approve two of WRB's certification requests. The Board accepted the IEPA's recommendations and certified the two entities at issue as pollution control facilities.

¶ 7        Shortly thereafter, the Board of Education filed separate petitions for leave to intervene in the two proceedings where certification had been granted. The Board of Education argued that the particular applications submitted by WRB failed to satisfy statutory requirements under the Property Tax Code and that it had a legally cognizable interest in challenging the sufficiency of the applications because issuance of the certifications would ultimately deprive it of tax revenue.

¶ 8        The Pollution Control Board considered and denied the Board of Education's petitions to intervene, reasoning that because the certifications in the two matters had already been issued, the Board of Education's petitions were now moot. The Board of Education asked the Pollution Control Board to reconsider that decision. While the requests to reconsider were pending, the IEPA recommended that the Pollution Control Board also approve WRB's applications to certify the remaining 26 systems, methods, devices, and facilities as "pollution control facilities."

¶ 9        Before the Pollution Control Board took action in these remaining 26 cases, the Board of Education filed petitions for leave to intervene in each of them. Those petitions, filed in December of 2011, were premised on the same arguments asserted by the Board of Education in the initial two cases.

¶ 10       Both the IEPA and WRB objected, arguing that under the statutory and regulatory scheme governing certification of pollution control facilities, the Board of Education had no right to intervene. The Board of Education responded by filing a joint reply addressed to all 28 proceedings. In that reply, the Board of Education challenged the Pollution Control Board's view that its petitions to intervene in the initial two cases were moot. It also argued that it possessed a legally cognizable basis for intervening and that the Pollution Control Board had authority under the law to permit it to intervene. In addition, it took issue with the

substance of the Pollution Control Board's decision to issue pollution control facility certifications in the initial two proceedings.

¶ 11    In a detailed and unanimous order entered January 19, 2012, the Pollution Control Board denied reconsideration. Within the time permitted by law, the Board of Education sought administrative review of the Pollution Control Board's decision in the appellate court pursuant to section 41 of the Illinois Environmental Protection Act (415 ILCS 5/41 (West 2010)). In the interim, the Pollution Control Board entered a separate order, also detailed and also unanimous, denying the Board of Education's petitions to intervene in the remaining 26 proceedings and granting WRB's applications for pollution control facility certification in each of those cases. The Board of Education sought administrative review of that decision as well, and, on the Board of Education's motion, the appellate court consolidated both appeals.

¶ 12    As noted at the outset of this opinion, the appellate court, with one justice dissenting, dismissed the Board of Education's consolidated appeal on the grounds that it lacked jurisdiction to consider it. The appellate court opined that section 41 of the Illinois Environmental Protection Act, the provision invoked by the Board of Education in seeking direct administrative review by that court, was inapplicable here. Section 41 is the general provision for judicial review of final decisions of the Pollution Control Board, and it provides that such appeals may be brought by, *inter alios*, "any party adversely affected by a final order or determination of the Board." The appellate court noted, however, that the legislature has promulgated a separate and more specific provision for appeals in proceedings involving the Pollution Control Board's "issuance, refusal to issue, denial, revocation, modification or restriction of a pollution control certificate," which is the type of proceeding from which this appeal emanated. That provision is section 11-60 of the Property Tax Code (35 ILCS 200/11-60 (West 2010)). By its terms, section 11-60 authorizes appeals from such decisions only by applicants for or holders of pollution control facility certificates who are aggrieved by the Board's decision. The Board of Education is neither an applicant for nor holder of a pollution control facility certificate. Moreover, such appeals are subject to the regular provisions of the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2010)). Unlike section 41 of the Illinois Environmental Protection Act, there is no mechanism for bringing such appeals directly to the appellate court. They must be initiated, instead, in the circuit court. 735 ILCS 5/3-104 (West 2010).

¶ 13    In the appellate court's view, section 11-60 of the Property Tax Code rather than section 41 of the Illinois Environmental Protection Act must take precedence in cases such as this for two basic reasons. First, to hold otherwise would mean that the court "would be essentially disregarding the specific and narrow guidance provided by section 11-60," a course that would not only run afoul of the "long held principle that the appellate court must construe a statute as a whole so that no part is rendered meaningless or superfluous," but could also "produce absurd results in that it could conceivably allow, at a minimum, applicants seeking a pollution-control-facilities certification to engage in forum shopping any potential appeal in either the circuit court or appellate court." 2012 IL App (4th) 120174-U, ¶ 25. Second, applying section 11-60 of the Property Tax Code rather than section 41 of the Illinois Environmental Protection Act to proceedings such as these, which were brought

-4-

under the Property Tax Code, is compelled by the "well-settled axiom of statutory interpretation that the general must yield to the specific." *Id.* ¶ 26.

¶ 14    One justice dissented. Contrary to his colleagues in the majority, he believed that the Board of Education should be permitted to appeal pursuant to section 41 of the Illinois Environmental Protection Act. He would have allowed the appeal, reversed the Pollution Control Board's decisions, and reversed and remanded to the Pollution Control Board with directions to grant the Board of Education's petitions for leave to intervene and to conduct further hearings on the merits. 2012 IL App (4th) 120174-U, ¶ 45 (Appleton, J., dissenting).

¶ 15                                    ANALYSIS

¶ 16    In its appeal to our court, the Board of Education argues that the appellate court's jurisdictional analysis was incorrect as a matter of law and that section 41 of the Illinois Environmental Protection Act provides a proper basis for challenging the Pollution Control Board's decisions through direct appeal to the appellate court, as the dissenting justice had reasoned. It then goes on to assert that the Pollution Control Board erred when it denied the Board of Education permission to intervene in the pollution control facility certification proceedings, that the Pollution Control Board erred when it concluded that the Board of Education's petitions to intervene in the first two proceedings were moot, and that the Pollution Control Board erred in certifying the subject facilities as pollution control facilities.

¶ 17    We begin with the question of the appellate court's jurisdiction. Whether the appellate court has jurisdiction to consider an appeal presents a question of law which we review *de novo*. *Gardner v. Mullins*, 234 Ill. 2d 503, 508 (2009); *In re A.H.*, 207 Ill. 2d 590, 593 (2003). In this case, we agree with the appellate court's conclusion that it lacked jurisdiction to consider the Board of Education's appeals. We do so, however, based on different reasoning.

¶ 18    It is undisputed that under the statutory scheme implemented by the General Assembly, the Board of Education's only direct path to the appellate court for administrative review of the Pollution Control Board's decisions in these 28 cases is through section 41 of the Illinois Environmental Protection Act (415 ILCS 5/41 (West 2010)). Unless the Board of Education can avail itself of that statute, its appeal is doomed, for the appellate court has jurisdiction to review administrative decisions only as provided by law (Ill. Const. 1970, art. VI, § 6; *Town & Country Utilities, Inc. v. Illinois Pollution Control Board*, 225 Ill. 2d 103, 121 (2007); *People ex rel. Madigan v. Illinois Commerce Comm'n*, 394 Ill. App. 3d 382, 386 (2009)), and the only other mechanism for obtaining judicial review of decisions by the Pollution Control Board in administrative proceedings involving certification of pollution control facilities is section 11-60 of the Property Tax Code (35 ILCS 200/11-60 (West 2010)). As the appellate court here noted and as we have just pointed out, the express terms of that statute authorize appeals in such proceedings only by applicants for or holders of pollution control facility certificates who are aggrieved by the Board's decision, categories into which the Board of Education does not fall, and, in any case, such appeals must be brought in circuit court. There is no statutory authorization for litigants to skip ahead and go directly to the appellate court.

¶ 19    While the appellate court majority in this case was of the view that section 11-60 of the Property Tax Code leaves no room for resort to section 41 of the Illinois Environmental Protection Act in cases involving certification of pollution control facilities, we need not go that far in resolving the particular case before us today. That is so because even if section 41 were not completely supplanted by section 11-60 with regard to appeals in such cases, it still would be of no aid to the Roxana Board of Education here.

¶ 20    Section 41 provides for appeals by "[a]ny party to a Board hearing, any person who filed a complaint on which a hearing was denied, any person who has been denied a variance or permit under this Act, any party adversely affected by a final order or determination of the Board, and any person who participated in the public comment process under subsection (8) of Section 39.5 of this Act." 415 ILCS 5/41 (West 2010)). In its arguments before our court, the Board of Education contends that it falls within the fourth of these categories and qualifies as "any party adversely affected by a final order or determination of the Board." It does not. Our court has specifically held that to be a "party" within the meaning of the fourth category of section 41, one must have been an actual party of record in the underlying proceedings before the Board. *Lake County Contractors Ass'n v. Pollution Control Board*, 54 Ill. 2d 16, 21 (1973); *People v. Pollution Control Board*, 113 Ill. App. 3d 282, 291 (1983), *rev'd on other grounds sub nom. Pioneer Processing, Inc. v. Environmental Protection Agency*, 102 Ill. 2d 119 (1984). This is consistent with the general rule that administrative review is limited to parties of record before the administrative agencies and then only when their rights, duties or privileges are adversely affected by the decision. See, *e.g.*, *Williams v. Department of Labor*, 76 Ill. 2d 72, 78 (1979); *Robinson v. Regional Board of School Trustees*, 130 Ill. App. 3d 509, 512-13 (1985). Because the Board of Education was denied leave to intervene in these proceedings, it is not and cannot be deemed to have ever been a party to the litigation. *In re Veatch*, 93 Ill. App. 3d 413, 415 (1981). Accordingly, the fourth clause of section 41 could not afford it any basis for seeking administrative review in the appellate court.[1]

¶ 21    In urging the exercise of jurisdiction, the dissenting appellate court justice argued that this matter might actually fall within the third clause of section 41, which permits appeals by "any person who filed a complaint on which a hearing was denied," but that contention is without merit. The Board of Education did not file a "complaint on which a hearing was denied." It did not file a complaint at all. In civil matters, a "complaint" is generally understood to mean the initial pleading that starts an action, states the basis for the plaintiff's claim, and sets forth the demand for relief. Black's Law Dictionary 323 (9th ed. 2009). The

_____

[1]In *Reed-Custer Community Unit School District No. 255-U v. Pollution Control Board*, 232 Ill. App. 3d 571 (1992), a panel of the appellate court relied on the fourth clause of section 41 to assert jurisdiction over a school district's appeal of the Pollution Control Board's denial of its attempt to revoke a company's pollution control facility certification. Significantly, the appellate court did not consider whether the law permitted third parties to seek revocation of a certificate, and no challenge was raised to its jurisdiction under section 41. It is therefore scant authority for the Board of Education's position in this case. In any event, to the extent that it is inconsistent with our holding today, it is overruled.

proceedings at issue here were initiated by applications for pollution control facility certificates. Those were filed by WRB, not the Board of Education. The Board of Education simply requested leave to intervene. There is no meaningful sense in which a petition to intervene can be considered a complaint. The contrary view taken by the appellate court in *Citizens Against the Randolph Landfill (CARL) v. Pollution Control Board*, 178 Ill. App. 3d 686, 692 (1988), is untenable, and we reject it.

¶ 22 The dissenting appellate court justice's interpretation of the law must be rejected for another reason as well. Although he contends that appeals in certification proceedings are properly brought directly to the appellate court when they are prosecuted by third parties, he does not dispute that when the appeal is brought by an actual applicant for or holder of a certificate, it must be pursued in circuit court. 2012 IL App (4th) 120174-U, ¶ 40 (Appleton, J., dissenting). The dissenting justice's approach would thus create a situation in which the particular court to which an appeal must be brought would differ depending on the particular litigant who brought it.

¶ 23 We are unaware of any other situation in Illinois law where this occurs, and we can conceive of no sound reason why the legislature would possibly have wanted to create such a dual-track system with respect to appeals in pollution control facility certification proceedings. We therefore agree with the appellate court majority that such a construction of the law would yield absurd results and must be rejected.

¶ 24 Finally, and in any case, a court's refusal to entertain an appeal from the denial of petitions to intervene in administrative proceedings cannot be error if the entity seeking to appeal had no right to intervene to begin with. In this case, the Board of Education failed to show that it had any such right. Under the law, the question of whether a system, method, construction, device, building, *etc.*, qualifies as a pollution control facility within the meaning of section 11-10 of the Property Tax Code (35 ILCS 200/11-10 (West 2010)) is a technical one between the entity seeking certification and state regulatory officials. See 35 ILCS 200/11-20, 11-25, 11-30 (West 2010). The General Assembly made no provision for involvement of any other parties in the certification process. Nor has the Pollution Control Board. There is nothing in the applicable administrative regulations authorizing participation by third parties in the pollution control facility certification process. See 35 Ill. Adm. Code 125.200 to 125.216 (2005).

¶ 25 We recognize, of course, that legitimate concerns may arise when the only parties permitted to participate in the regulatory process are regulators and the companies they regulate. That, however, is a matter for the General Assembly. The responsibility for the wisdom of legislation rests with the legislature, and courts may not rewrite statutes to make them consistent with the court's idea of orderliness and public policy. *People v. Carpenter*, 228 Ill. 2d 250, 270-71 (2008).

¶ 26 We must also point out that under this state's property tax system, taxing bodies such as the Board of Education have been given some voice in how certified pollution control facilities within their borders are ultimately taxed. It is simply not at the certification stage. It comes later, when the Department of Revenue actually assesses the value of those facilities. At that point, any person aggrieved by the assessment may apply for review and

correction of the assessment and ask for a hearing on the matter. 35 ILCS 200/8-35(a) (West 2010); 86 Ill. Adm. Code 110.110 (1996). That stage had not yet been reached in this case. Even if it had, review in such proceedings lies in the circuit court. The law does not authorize direct review by the appellate court, as the Board of Education sought here. 35 ILCS 200/8-40 (West 2010).

¶ 27                                        CONCLUSION

¶ 28        For the foregoing reasons, we hold that the appellate court did not err when it dismissed the Board of Education's appeal for lack of jurisdiction. In light of this conclusion, there is no need to address the Board of Education's remaining arguments. The judgment of the appellate court is affirmed.

¶ 29        Affirmed.